Walker *v*. The State.

Filed Feb. 21, 1894.

———◆———

No. 17,146.

WALKER *v*. THE STATE.

CRIMINAL LAW.—*Change of Venue from County.*—*Discretionary with Court.*—*Abuse of.*—The matter of granting, or refusal to grant, a change of venue from the county, rests in the sound discretion of the court, and the appellate tribunal will not interfere with such discretion, unless it affirmatively appears that such discretion has been abused to the injury of the complaining party.

SAME.—*Continuance.*—*Cause, Public Excitement.*—*Discretionary with Court.*—Whether a continuance should be granted on account of public excitement, rests in the discretion of the trial court, and it would require a very strong showing to induce the appellate tribunal to interfere with the ruling of the trial court on such question.

SAME.—*Evidence.*—*Recognition.*—*Examination of Witness.*—*Reëxamination.*—*Cross-Examination.*—*Assault and Battery with Intent to Kill.*—In a criminal action for assault and battery with intent to kill, it was not error to permit a witness to testify on reëxamination, that she stated at a time after the shooting occurred, that she recognized the defendant as the person who did the shooting; and being called by the State to testify, and testifying that in her opinion the defendant was one of the men, and, on cross-examination, that she would not like to say that he was the man, it was proper, on reëxamination again, to call her attention to her former statements, and to inquire into the reason why she was not, at the time of the trial, able to recognize the defendant.

SAME.—*Evidence.*—*Declarations of Defendant.*—*When Admissible.*—Declarations of a defendant, if in any way connected with the matter under investigation, are always admissible; but before they are admissible, there must be some proof that they were made by the defendant.

Walker *v.* The State.

SAME.—*Evidence.*—*Confession of Guilt to Prosecuting Attorney.*—*Admissibility.*—Confession of guilt, made voluntarily by a defendant, without solicitation or promise, to the prosecuting attorney or his deputy, is admissible in evidence.

SAME.—*Evidence of Unsoundness of Mind.*—*Refusal to Admit.*—It is not error to refuse evidence tending to prove unsoundness of mind of the defendant, when such fact is not in issue.

SAME.—*Evidence.*—*Irrelevancy.*—*Conduct on Other Occasions.*—In such case, it was not error to refuse to permit the defendant to prove that the son of the injured party had thrown stones at horses driven by other parties, on occasions other than the one under investigation

SAME.—*Intent to Kill.*—*How Established.*—An intent to kill need not be proved by positive evidence, but may be inferred from the circumstances of the case, or from the deliberate use of a deadly weapon in a manner calculated to produce death.

SAME.—*Assault and Battery with Intent to Kill.*—*Character for Peace and Quietude, When not Available as a Defense.*—*How Considered.*— In an action for assault and battery with intent to kill, evidence of the character of the defendant for peace and quietude should be considered in determining the guilt or innocence of the defendant; but if the jury should be satisfied, beyond a reasonable doubt, of the guilt of the defendant, then, although the jury may believe that the defendant had a good character before the alleged offense occurred, that would not avail him as a defense or entitle him to an acquittal, but may be considered by way of mitigation of punishment.

SAME.—*Assault and Battery with Intent to Kill.*—*Mitigating Circumstance.*—*Provocation.*—In an action for assault and battery with intent to kill, the fact that the son of the injured party assaulted the defendant, can not mitigate an unprovoked attack upon the parent of the child.

SAME.—*Instruction to Jury.*—*Province of Jury.*—*Right to Disregard.*—A defendant can not complain of an instruction which informs the jury that it is the duty of the court to instruct it as to the law of the case; that such instructions are advisory merely, and that it has the right to disregard them and determine the law for itself.

SAME.—*Instruction to Jury.*—*Sustaining Allegations of Indictment Beyond Reasonable Doubt.*—Where an indictment contains all the necessary allegations to constitute a good charge of the crime alleged to have been committed, it is not error to instruct the jury that if these allegations are sustained beyond a reasonable doubt, the State is entitled to a conviction.

From the Henry Circuit Court.

*M. E. Forkner, K. M. Hord* and *E. K. Adams*, for appellant.

*A. G. Smith*, Attorney-General, *F. W. Cody* and *D. L. Cody*, for State.

COFFEY, J.—On the 19th day of September, 1893, the appellant and one Stephen E. Perkins were jointly indicted, in the Henry Circuit Court, in which indictment they were charged with assault and battery upon the person of one Alice Elliott, with the felonious intent to commit the crime of murder.

The appellant sought to obtain a change of venue from the Henry Circuit Court, upon the ground that there was such a prejudice against him in the county as would preclude him from obtaining a fair trial, but the court overruled his motion.

In this ruling, we think there is no available error. The question as to whether a change of venue shall be granted in a case like this, rests in the sound discretion of the trial court, and this court will not interfere with such discretion, unless it affirmatively appears that it has been abused to the injury of the party complaining. *Griffith* v. *State*, 12 Ind. 548; *Fahnestock* v. *State*, 23 Ind. 231; *Merrick* v. *State*, 63 Ind. 327; *Spittorff* v. *State*, 108 Ind. 171.

We are not able to say that it affirmatively appears from the record in this case, that the circuit court abused its discretion in refusing to grant the appellant a change of venue from the Henry Circuit Court.

The appellant also applied for a continuance of his cause until the next term of the court, in order that public sentiment and excitement should be allowed to settle down, alleging that at the time of the application the public excitement against him was such that he

could not have a fair and impartial trial. The court overruled his motion, and he excepted.

The cause assigned for a continuance in this case is not one of the causes prescribed by statute. Whether a continuance should be granted on account of public excitement, we think, rests in the discretion of the trial court. If satisfied that a defendant could not have a fair and impartial trial on account of public excitement against him, the trial court would doubtless postpone the hearing until there was good reason to believe that an impartial hearing could be secured. But the court in which the cause is pending can much better determine the necessity for a postponement than this court, and it should require a very strong showing to induce an appellate court to interfere with the ruling of the trial court on a question of this character.

We do not think there is anything in this record which would enable us to say that the Henry Circuit Court erred in refusing the application of the appellant for a continuance on the ground stated in his application.

A trial of the cause by a jury resulted in a verdict finding the appellant guilty as charged, upon which the court, over a motion for a new trial, rendered judgment.

It is assigned as error that the circuit court erred in overruling the appellant's motion for a new trial.

It was assigned as reasons for a new trial, that the circuit court erred in the admission and rejection of evidence on the trial of the cause, and that it erred in giving and refusing to give certain instructions to the jury.

It appears from the evidence in the cause, that about 10 o'clock on the evening of the 7th day of September, 1893, two men, in company with two prostitutes, were riding in a buggy on one of the public highways in Henry county. They met the injured party, Mrs. El-

liott, with her children, in the highway, when one of the
men jumped from the buggy and commenced shooting
at Mrs. Elliott and her children, with a revolver, firing
five shots.    Mrs. Elliott was struck by one of the shots
and severely wounded.    There was evidence on the part
of the defense tending to show that, when Mrs. Elliott
and her children met the parties who did the shooting,
some   one   of   the   children   threw   some   portion   of   a
watermelon, which struck them  in the face;  while the
evidence on the part of the State contradicted this, and
tended to show that one of the little boys  threw a piece
of water-melon on the ground just as the buggy was pas-
sing  him.    One  of  the  controverted  questions  in  the
case related to the identity of the appellant as the person
who did the shooting.

We do not think the court  erred  in  permitting Mrs.
Durham to testify on  reëxamination, that she stated, at
a time after the  shooting  occurred, that  she  recognized
the appellant as the person who shot Mrs. Elliott.    She
was called as a witness by the State, and after testifying
that she was one  of  the women who was  in  the  buggy
with the men who did the shooting, she  stated it as  her
belief that the appellant was one of  the  men, but, upon
cross-examination, stated that she would  not like to say
he was the man.    On  reëxamination,  we  think  it was
proper to call her attention to her former  statements, to
the effect that she  recognized appellant, and  to  inquire
into the reason why she was not, at the time of the trial,
also able to do the same thing.    The case is, we  think,
quite different from  the  case of  *Hull*  v.  *State, ex rel.,*
93 Ind. 128, where the witness had  not made any state-
ment relating to the material questions in the case.

Nor do we think there was  any  available error in per-
mitting  the women who  were  with  the men doing  the
shooting, to testify that the men said they had previously

been in the neighborhood. The declarations of a defendant, if in any way connected with the matter under investigation, are always admissible; but before the declarations are admissible, of course, there must be some proof that they were made by the defendant.

In this case, there was proof tending to identify the appellant as the party who did the shooting, including his own admission. In this respect the case is distinguished from the case of *Arthur* v. *Arthur*, 17 Pac. Rep. 187, where declarations were admitted in evidence without any proof other than the declarations themselves, that they were uttered by the defendant.

The State was permitted to prove by the deputy prosecuting attorney, over the objection of the appellant, that soon after the arrest, the appellant called him into the prison where the appellant was confined, and stated that he was guilty of the charge preferred against him, and that he desired to plead guilty; that he did the shooting and that the man who was with him had nothing to do with it and should be released.

We think there was no error in admitting this evidence. There can be no pretence that the relation of client and attorney, or any other confidential relation, existed between the appellant and the witness.

It does not appear that the appellant was not fully informed as to the duty of the prosecuting attorney, but, on the contrary, it appears that he made the confession voluntarily and without solicitation or promise.

We are of the opinion that the court did not err in refusing to permit the appellant to introduce evidence tending to prove that he was of unsound mind.

No issue of that kind was involved in the case. Section 1764, R. S. 1881, requires insanity to be specially pleaded.

In the absence of such a plea, the State is not expected

to be prepared to meet such an issue. If the appellant desired to avail himself of such a defense, he should have pleaded it specially, which he did not do.

Nor was there any error in refusing to permit the appellant to prove that the son of the injured party had thrown stones at horses driven by other parties on occasions other than the one under investigation. Such evidence had no tendency to throw light on the matter under investigation.

It was not error to instruct the jury that an intent to kill need not be proved by positive evidence, but might be inferred from the circumstances of the case; and that an intent to kill might be inferred from the deliberate use of a deadly weapon in a manner calculated to produce death. *Murphy* v. *State*, 31 Ind. 511; *Kunkle* v. *State*, 32 Ind. 220; *McDermott* v. *State*, 89 Ind. 187; *Padgett* v. *State*, 103 Ind. 550.

Upon the subject of the effect to be given evidence of good character, the court instructed the jury as follows: "Evidence has been given in regard to the character of the defendant for peace and quietude. This evidence should be considered by the jury in determining the guilt or innocence of the defendant; but if the jury should be satisfied, beyond a reasonable doubt, of the guilt of the defendant, then, in that view of the case, although you might believe that the defendant had a good character before the alleged offense occurred, if it did occur, that would not avail him as a defense, or entitle him to an acquittal."

We do not think there is any error in this instruction. It is easily distinguished from the case of *Kistler* v. *State*, 54 Ind. 400, in which the jury was instructed that if the defendant was guilty, evidence of good character was of no benefit. Good character may always benefit a guilty defendant, for the jury may take it into consideration in

fixing his punishment, and may, by reason of his character, mitigate the punishment. Under this instruction, the jury was given the liberty of considering the good character of the appellant in mitigation of his punishment, if it chose to do so, but they were told if he was guilty of the charge preferred against him, he was not entitled to acquittal, because his character had previously been good.

We do not think the appellant is in a condition to complain of an instruction which informed the jury that it was the duty of the court to instruct it as to the law of the case, but that such instructions were advisory merely, and that it had the right to disregard them and determine the law for itself.

The provision of our constitution, making the jury the judge of the law, as well as the evidence, is a provision intended for the benefit of persons charged with crime, and it is a well recognized principle that a party has no right to complain of an instruction which is more favorable to him than he had a right to ask.

We are unable to perceive how the appellant could, by any possibility, be injured by this instruction.

The court also instructed the jury as follows: "To entitle the State to a conviction, it must prove, beyond a reasonable doubt, the material allegations of the indictment. If the State has done this, you should convict; if not, you should acquit."

It is contended by the appellant, that this instruction is erroneous, because it takes away from the jury the right to determine the sufficiency of the indictment.

It is not claimed here that the indictment is not sufficient. Its examination will disclose the facts that it contains all the necessary allegations to constitute a good charge of assault and battery with the intent to commit the crime of murder. It was not error, therefore, to tell

the jury that, if these allegations were sustained, beyond a reasonable doubt, the State was entitled to a conviction. We think this instruction was not erroneous. *Anderson* v. *State,* 104 Ind. 467.

The appellant asked the court to instruct the jury that ''Every person has the lawful right to pass unmolested, along the public highway, and if, while the defendant was so doing, in the night time, a son of Mrs. Elliott, in her presence, threw in the face of him and his companions, watermelon, and the defendant, aggravated thereby, did the act complained of, this fact is material for you to consider in determining the penalty to be affixed, if you convict him of any offense.''

We think the court properly refused to give this instruction. If the appellant was assaulted by the son of the injured party, as claimed, that furnished no excuse for an attack upon her. If such assault was made, it is not claimed that Mrs. Elliott was in any way connected with it, or in any degree responsible for it, and this being true, we are unable to perceive how it could mitigate an unprovoked attack upon her.

We think instructions nine and one-half and nine and three-fourths, asked by the appellant, were fully covered by the instructions given by the court.

We have carefully considered all the alleged errors in the record pointed out by counsel, in their able briefs in this case, and find no error of which the appellant has the right to complain.

The judgment of the circuit court in this case is, therefore, affirmed.

HACKNEY, J., took no part in the decision of this case.

Filed Feb. 16, 1894.