Larkin *v.* State.

---

## LARKIN *v.* THE STATE.

[No. 20,446. Filed October 14, 1904.]

163    375
169     74

163    375
f171    322

CRIMINAL LAW.—*Assault and Battery With Intent.*—*Inference of Another Fact from One Proved.*—It is a well-settled rule that a jury in the trial of a cause may find a fact established which may be rightfully and reasonably inferred from another fact proved in the case.  *p. 378.*

SAME.—*Felonious Intent.*—*Inference from Use of Deadly Weapon.*—Where an assault and battery is committed with a deadly weapon, which is deliberately used in such manner as to be reasonably calculated to take or destroy life, the intent to kill may be inferred from the act itself. *p. 378.*

SAME.—*Justification.*—The fact alone that the prosecuting witness first struck the accused with his fist would not justify the latter in assaulting the former with a knife. *p. 378.*

SAME.—*Evidence.*—For evidence to warrant finding the accused guilty of assault and battery with a felonious intent to kill, see opinion. *pp. 376, 377*

From Huntington Circuit Court; *J. C. Branyan*, Judge.

Prosecution by the State of Indiana against William Larkin for assault and battery with intent to commit murder. From a judgment of conviction rendered upon the verdict of a jury and a sentence of imprisonment, defendant appeals. *Affirmed.*

*J. M. Hatfield*, for appellant.

*C. W. Miller*, Attorney-General, *C. F. Jackman*, Prosecuting Attorney, and *G. W. Stults*, for the State.

JORDAN, C. J.—Appellant was convicted before a jury of having committed an assault and battery upon one Arnold Wyss with intent to kill and murder. His motion for a new trial was denied, and he was sentenced upon the verdict of the jury to be imprisoned in the State's prison for a term of not less than two nor more than fourteen years. The only question discussed and urged by his counsel for a reversal of the judgment is that the court erred in overruling the motion for a new trial, for the reason that the evidence is wholly insufficient to sustain the judgment.

The evidence in the record was all given on the part of the State; the accused, it appears, introduced no evidence whatever in his defense. The following may be said to be a summary of the evidence: Arnold Wyss, the prosecuting witness, was on June 11, 1904, conducting a saloon in the city of Huntington, Huntington county, Indiana. The appellant came into the saloon on that day, and after buying a drink of whisky, went to the rear of the saloon where Wyss and some other persons were engaged in playing cards. Appellant insisted that he be let into the game, and he finally was permitted to play. After playing a while he appears to have become noisy, and was trying to cheat in the game. A quarrel seems to have arisen in regard to the matter, and thereupon Wyss took the cards

away, and appellant arose and started to go out, and, after
going towards the door, he stopped near the stove.   Wyss
then took hold of him and led him towards the door.   Upon
reaching the door he seems to have refused to leave the
room, and applied a vile epithet to Wyss.   The latter there-
upon appears to have struck him with his fist, and appel-
lant then in return stabbed Wyss with a knife which he
had in his hand.   Wyss testified at the trial that as soon
as he observed appellant raise his hand to strike him he
struck appellant with his fist, both, as he states, striking
about the same time.   Appellant after stabbing Wyss left
the saloon flourishing a knife in his hand.   He was soon
after arrested, and a razor and a knife were found on his
person.   The large blade of the knife near the handle was
covered with blood.   Wyss testified that when appellant
struck him he felt the blow, and also felt a sting on his
shoulder or arm.   After appellant left the saloon, Wyss
went to the rear part of the room where the parties men-
tioned were playing cards, and sat down upon a chair, and
he stated that he soon began to feel sick, and then dis-
covered that he had been cut in the arm.   The wound in-
flicted upon him was about two inches below the point of
the left shoulder, and was about two inches deep and three-
fourths of an inch in length, and some of the muscular
fibers of the arm protruded through the opening of the
wound.

It is contended by appellant's counsel that under the
evidence the jury was not warranted in finding him guilty
of assault and battery with intent to kill the prosecuting
witness as charged in the indictment, and we are asked to
reverse the judgment on the ground alone that the evi-
dence is insufficient to sustain it.   The evidence shows be-
yond controversy that the accused perpetrated an assault
and battery upon the prosecuting witness.   The felonious
intent to kill as charged was a material fact which the jury
was required to determine from all of the evidence and

circumstances in the case. That a jury in the trial of a cause may find a fact to be established which may be rightfully and reasonably inferred from another fact proved in the case is a well-settled rule. *Binns* v. *State* (1879), 66 Ind. 428.

Where an assault and battery is committed with a deadly weapon which is deliberately used in such a manner as to be reasonably calculated to take or destroy life, the intent to kill may be inferred as a fact from the act itself. *Kunkle* v. *State* (1869), 32 Ind. 220; *Voght* v. *State* (1896), 145 Ind. 12; *Walker* v. *State* (1894), 136 Ind. 663.

The fact alone that the prosecuting witness first struck the accused with his fist would not justify the latter in assaulting the former with a knife. *Smith* v. *State* (1895), 142 Ind. 288, and cases cited.

We are of the opinion that when the evidence, with all the legitimate and reasonable inferences which the jury was warranted in drawing therefrom, is considered, it can not be said that there is such an absence of evidence as to leave the verdict of the jury unsupported upon any material point or fact. Under such circumstances this court has universally held that it can not disturb the judgment of the trial court. The fact that the evidence in a particular case upon which the judgment of the lower court rests may be said to be weak or unsatisfactory is not available on appeal to this court. For, if there is evidence to sustain the judgment in every material respect, a reversal is not authorized. *Lee* v. *State* (1901), 156 Ind. 541, and cases there cited; *Mead* v. *Burk* (1901), 156 Ind. 577; *Republic Iron & Steel Co.* v. *Berkes* (1904), 162 Ind. 517. We conclude that the judgment should be affirmed.

Judgment affirmed.