## WHEELER v. STATE OF INDIANA.

[No. 23,899. Filed October 7, 1921.]

1. CRIMINAL LAW.— Trial.— Evidence.— Competency.— Conclusions.—An objection to a question, "State what, if any, arrangement was made there for you to call on her that night," was properly sustained, as it called for a conclusion of the witness, the court would not be bound to permit the question in such form to be answered, even upon an offer to introduce competent evidence in answer to it.  p. 128.

2. ASSAULT AND BATTERY.—Evidence.—Competency.—In a prosecution for shooting a man with intent to kill, where the defendant was only convicted of assault and battery, the altercation arising over defendant visiting the prosecuting witness' wife, it was not error to sustain an objection to evidence showing that defendant was invited by the wife to call upon her. p. 128.

3. ASSAULT AND BATTERY.—Evidence.—Sufficiency.—In a prosecution for shooting a man, where the defendant after midnight, armed with a pistol, called at the home of a woman whose husband was believed to be away from home, and after fleeing from the husband went around the block and returned near where the woman and her husband lived and to avoid blows from a stick in the hands of the husband, shot him in the leg, defendant could not justify the shooting by the fact that the wife had invited him.  p. 129.

From Posey Circuit Court; Herdis F. Clements, Judge.

Prosecution by the State of Indiana against James Wheeler. From a judgment of conviction the defendant appeals. Affirmed.

William Espenschied and James H. Blackburn, for appellant.

U. S. Lesh, Attorney-General, and Mrs. Edward Franklin White, for the state.

EWBANK, J.—The appellant was charged with shooting a man with intent to kill him. The undisputed evidence showed that he did shoot the man near the latter's home in Mt. Vernon, and that the man at the time struck

him or struck at him with a club one inch thick. The bullet broke the bone in the man's leg. The jury found the appellant guilty of assault and battery, and fixed his punishment at a fine of $800 and imprisonment at the Indiana State Farm for six months. The only error assigned is overruling the motion for a new trial, under which the appellant specifies as error the exclusion of certain evidence.

The appellant, when testifying as a witness, stated that, on the day which preceded the night of the shooting, he met the wife of the prosecuting witness 1. at the New Harmony Fair, several miles from her home. His counsel then asked him the following question: "State what, if any, arrangement was made there for you to call on her that night?"; and offered to prove, in answer thereto, that she "invited the defendant (appellant) to call at her home after their return to Mt. Vernon from the New Harmony Fair." This question was open to the objection that it called for a conclusion of the witness as to "what arrangement was made," and not for facts from which the conclusion was drawn, and the offer to prove would be more pertinent if the question had called for what was said and done. The court would not be bound to permit a question in this form to be answered, even upon an offer to introduce competent evidence in answer to it.

Even if the question had been asked in proper form, there would be no available error in sustaining an objection to it. The evidence most favorable to 2. appellant, given by himself, was that he went to the home of the prosecuting witness after midnight and knocked on the door, and when he saw that the prosecuting witness was at home he ran away; that he went around a city block and back to the corner diagonally across two streets from the second door east

of where he had knocked, and then walked sixty feet farther away, when he was accosted and struck with a club by the prosecuting witness, with whom he had been well acquainted since they were schoolmates— thirty-five years before; that he warded off the club with his arm, suffering only a slight abrasion of the skin, and when it was raised for another blow he cried out to stop, and drew his pistol and fired downward, intending only to scare the prosecuting witness and stop him, and did not intend to hit him, but that the bullet hit him in the leg, and appellant then went away as quickly as he could. The prosecuting witness testified that the club was about an inch thick, and nobody else stated how large it was. The prosecuting witness stated that he had been at work away from home, and had returned on the afternoon of the day before the shooting. Over and over, in answer to repeated questions, appellant testified that he went only to see the wife and ran away when he found that the husband was at home; that he did not have the pistol out of his pocket until after he was struck with the club, and that he did not intend to hit the prosecuting witness when he shot, so that he was not prevented from testifying fully to his intent. The jury found that he was not guilty of an intent to kill, but only of an assault and battery.

The offered evidence would not have tended to prove that appellant was justified in shooting to repel an attack with a stick like the one described, nor that

3. he was where he had a right to be and without fault at the time of the shooting. A man who came after midnight, armed with a pistol, to call at the home of a woman whose husband was believed to be, and had been, away from home and, after fleeing from the husband went around the block and returned near where the woman and her husband lived and, to avoid

blows from a stick one inch thick in the hands of the husband, shot him in the leg, could not justify the shooting by the fact that the wife had invited him. *Duncan* v. *State* (1908), 171 Ind. 444, 448, 86 N. E. 641; *Larkin* v. *State* (1904), 163 Ind. 375, 378, 71 N. E. 959.

Overruling the motion for a new trial was not error. The judgment is affirmed.

Myers, J., absent.