## MICHOPOULOS v. STATE OF INDIANA.

[No. 24,611.   Filed November 24, 1925.   Rehearing denied January 29, 1926.]

1. INTOXICATING LIQUORS.—*Legislature has power to declare maintenance of place where persons are permitted to resort for drinking intoxicating liquor a nuisance.*—The legislature has power to declare a place where intoxicating liquor is sold or persons are permitted to resort for the purpose of drinking such liquor a nuisance, as was done by §20 of the Prohibition Law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921) though not so regarded at common law.   p. 234.

2. CRIMINAL LAW.—*Not province of Supreme Court to weigh the evidence but it will not refuse to give verdict the benefit of every reasonable inference from the evidence.*—It is not the province of the Supreme Court to weigh the evidence, but it will not refuse to give the verdict of the jury that tried a case the benefit of every reasonable inference warranted by the evidence.   p. 234.

3. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for maintaining liquor nuisance by permitting persons to resort to the place for purpose of drinking intoxicating liquor although no proof of sale.*—In a prosecution for maintaining a liquor nuisance under §20 of the Prohibition Law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921), evidence *held* sufficient to sustain charge of maintaining a place where persons were permitted to resort for the purpose of drinking intoxicating liquor, constituting a violation of said section, though there was no direct proof of a sale of such liquor. p. 234.

4. INTOXICATING LIQUORS.—*Evidence held sufficient to support inference that defendant's place had been continuously used as resort for drinking intoxicating liquor.*—In a prosecution for maintaining a liquor nuisance, evidence *held* sufficient to support an inference that defendant's place had been continuously used as a place where persons resorted for the purpose of drinking intoxicating liquor. p. 234.

5. CRIMINAL LAW.—*Sustaining objection to question to a witness for the state was not reversible error where it had no bearing on innocence of defendant.*—In a prosecution for maintaining a liquor nuisance, there was no reversible error in sustaining an objection to a question asked of one of the state's witnesses where the answer could have no bearing on the guilt or innocence of the defendant. p. 235.

6. INTOXICATING LIQUORS.—*Title to Prohibition Law of 1917 was broad enough to cover crime of maintaining liquor nuisance as defined in §20 thereof.*—The title to the Prohibition Law of 1917 (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1921) was sufficiently broad to cover the offense of maintaining a liquor nuisance, as defined in §20 (§8356t Burns' Supp. 1921). p. 235.

From the Lake Criminal Court; *Martin J. Smith,* Judge.

Sam Michopoulos was convicted of maintaining liquor nuisance, and he appeals. *Affirmed.*

*George P. Rose,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

MYERS, J.—Appellant was charged by an affidavit and convicted by a jury in the court below of maintaining and assisting in maintaining a common nuisance. Acts

1917 p. 15, §20. By assignments of error he questions the action of the court in overruling his motion for a new trial and his motion in arrest of judgment. The only causes here urged in support of the motion for a new trial are, the verdict is not sustained by sufficient evidence, and error of the court in refusing to permit a witness to answer a certain question on cross-examination.

From the evidence it appears that on August 10, 1923, appellant had a soft drink parlor in Gary, Lake county, Indiana, and on that day at about eight o'clock in the evening police officers of Gary entered appellants place of business and into a room described as a "rear room off the kitchen," bare of everything except three tables, glasses and several chairs. When the officers entered the room they found eight men sitting around these tables, three of whom had glasses of gin on the tables in front of them, and the others had empty glasses, which, from their smell, had contained gin. The men were intoxicated. The officers then searched the premises and found a one-gallon bottle and part of a quart bottle of gin, five gallons of alcohol, one gallon of moonshine whisky, about a gallon and a half of wine, and a part of a gallon of flavoring extract. These liquors were found in different parts of the building occupied by appellant, but the larger part of the alcohol and gin was found in the basement. No witness testified that he actually saw appellant sell or give away intoxicating liquor.

Appellant insists that in as much as there is no evidence of a sale or other disposition of the liquor by him, nor evidence of the alleged violation other than the one at the time of his arrest, a conviction under such circumstances is not supported by the evidence.

Appellant was charged with maintaining and assisting in maintaining a room, house, building, etc., where

certain intoxicating liquors were then and there 1. sold, etc., in violation of law, and a place where certain persons were then and there permitted to resort for the purpose of drinking intoxicating liquor as a beverage. Appellant asserts that the words "common nuisance," as used in the statute, §20, *supra*, are words of well-known meaning and necessarily infer continuous or recurrent violations. This insistence is in keeping with the proof essential to sustain a common-law nuisance charge, and finds support in the legislative language "any person who maintains or assists in maintaining such common nuisance." However, at common law a place where intoxicating liquors were sold or persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage was not a nuisance. *Commonwealth* v. *McDonough* (1866), 13 Allen (Mass.) 581. But, regardless of the common law, the legislature has power to declare such acts a nuisance. *United States* v. *Reisenweber* (1923), 288 Fed. 520, 524.

If it be conceded that each specification of the affidavit relied on as stating an offense contemplates something more than a single act, we have it in the 2-4. attending circumstances shown by a fair interpretation of the evidence at bar. It is not our province to weigh evidence, nor should we refuse to give the verdict of the jury the benefit of every reasonable inference warranted by the evidentiary facts. True, there was no direct proof of a sale. On the contrary, there was the statement of one of the men at one of the tables that he had not paid for his drink of gin. Nevertheless, it is quite obvious from the entire record before us that appellant was not found guilty of selling, but guilty of permitting persons to resort to the place maintained by him for the purpose of drinking intoxicating liquor as a beverage. The description

of the room, its equipment, the activities therein and the amount and character of liquor found on the premises repels the thought of a single act, but is quite supportive of an inference that the room in question had been theretofore continuously used and maintained by appellant as a place for drinking intoxicating liquor. *Lewinsohn* v. *United States* (1921), 278 Fed. 421; *United States* v. *Reisenweber, supra.*

Counsel for appellant also insist that the court erred in sustaining an objection to a question propounded by him on cross-examination to one of the state's witnesses. The witness was a police officer who said that he had arrested the men, or at least some of them, who were in appellants' place of business. The question propounded by counsel for appellant was: "You know these men were turned loose?" The slight relevancy of the answer called for by this question would not justify us in reversing the judgment, for it is quite clear that the answer could have no real bearing upon the guilt or innocence of appellant.

Appellant also insists, in support of his motion in arrest of judgment and in support of his claim that the verdict of the jury is contrary to law, that §20, *supra,* is unconstitutional in that the title of the act of 1917 is not broad enough to cover the crime defined as a common nuisance. This court has recently held otherwise. *Perrone* v. *State* (1925), 196 Ind. 384, 148 N. E. 412; *Alyea* v. *State* (1925), 196 Ind. 364, 147 N. E. 144. Upon the authority of these cases, appellant's contention of unconstitutionality cannot be sustained.

Judgment affirmed..