HOWARD *v.* STATE OF INDIANA.

[No. 25,814. Filed November 3, 1933.]

*Spaan & Spaan,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was charged by an indictment with assault and battery with intent to commit murder. He pleaded not guilty; was tried by the court without intervention of a jury and was found guilty as charged and sentenced to the State Prison for a term of not less than one nor more than ten years.

The error assigned and relied upon for reversal is as follows: (1) That the trial court erred in overruling appellant's motion for a new trial. The reasons assigned in the motion for a new trial are: (1) That the judgment and finding of the court is contrary to law, and (2) that the judgment and finding of the court is not sustained by sufficient evidence.

The evidence in this case is brief. It appears from the evidence that on March 30, 1929, the prosecuting witness, William J. Hochlander, with his wife was driving an automobile and stopped his car near 41st Street and College Avenue, Indianapolis. When he first saw the appellant who stopped his automobile to the rear of that of Hochlander, Hochlander asked appellant to move his automobile so that he (Hochlander) could park his automobile. The appellant got out of his automobile and went over to the automobile of Hochlander, opened the door and struck at Hochlander and said "put me out." Hochlander pushed the appellant out of the car and the appellant struck him three or four times. Hochlander then drove away to another parking place. When

he got out of the car he saw that his coat had been torn and blood was running from his body. He had a long cut in his arm which extended to the bone. Seventeen stitches were taken in the arm and three on the hand.

Mrs. Hochlander's testimony is practically the same as that of Mr. Hochlander. Dennis Houlihan, a member of the police force of Indianapolis, testified that he had a conversation with the appellant at the office of the city detective on March 31, 1929, and that the appellant made a written statement as follows: "My name is James Howard. I am 42 years old. I live with my family at 2332 North Arsenal Ave. Last night, March 30, 1929, between 8 and 9 P. M. I was driving north on College Ave., when just this side of 42d St., east side of College avenue, I drove my Ford sedan in a vacant parking place in front of the Guarantee Tire Shop. I noticed a blue closed car double parked ahead of where I had just parked, this man in the blue car said get out of there (meaning the place I had my car.) I said I have got just much right in here as you have and then he backed his blue car against my sedan and knocked the front wheels on the curb. I then got out of my car and told the man if he backed his car into my car again we would have trouble, and he backed his car into my sedan again. I then went on the left hand side of the blue closed car, the man opened the door and kicked at me and then I hit him three or four times with my fist— this man drove about three or four cars ahead of where I was parked and parked his blue car. I then got back in my car and drove home. I never saw this man I had the trouble with till last night, March 30, 1929. The next time I saw this man was at 4:30 P. M., March 31st, 1929, at his home, 4229 Baltimore Ave. I have since learned his name, Wm. Hochlander. The officers took me to Mr. Hochlander's home where I talked to Mr.

Hochlander and his wife, where I saw his hand and arm fixed up and blood on the bandage. At the time of the trouble last night I had been drinking. I make this statement of my own free will and accord. It is absolutely the truth. It may be used for or against me in court."     "Signed.  JAMES HOWARD,
2332 Arnesal Ave."

At the trial of the case, the evidence of appellant was practically the same as that contained in the foregoing signed statement except he stated at the trial that when he struck Hochlander he knocked him against the car and broke the glass.  Hochlander testified that there was no broken glass and there is no evidence by any one that there was, other than the appellant.  Doctor Dwyer who attended Hochlander immediately after the injury stated that the cut in the arm was a clean one, through the skin and muscle down to the bone . . . that in his judgment it was made by a sharp instrument and that it could not have been made by a piece of glass.  The cut severed the radial artery and was four or five inches long.

It appears from the evidence of the appellant that he served a term of two years for manslaughter, having been sent from Richmond, Indiana, in 1921.

We have stated in substance the evidence given in the case.  It is the contention of the appellant that there was no evidence in the case to sustain the finding and judgment of the lower court.  We do not agree with appellant on this proposition.

When all the evidence given in the case, with all the legitimate and reasonable inferences which the trial court was warranted in drawing therefrom is considered, this court can not say that there is such an absence of evidence as to leave the find-

ing and judgment of the court unsupported upon any material point or fact.

This court will not weigh the evidence nor decide the facts. "The fact that the evidence in a particular case upon which the judgment of the lower court rests may be said to be weak or unsatisfactory is not available on appeal to this court. If there is evidence to sustain the judgment in every material respect, a reversal is not authorized." *Larkin* v. *State* (1904), 163 Ind. 375, 71 N. E. 959.

We are of the opinion that there is sufficient evidence in every material respect to sustain the finding and judgment of the trial court.

Judgment affirmed.