POLINE *v.* STATE OF INDIANA.

[No. 26,432.   Filed November 1, 1935.]

*Clyde Karrer* and *Jesse W. Peden,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *James D. Sturgis,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was charged with assault and battery with intent to kill.  He was tried by the court, found guilty, and sentenced to the Indiana State Prison for a period of not less than one (1) nor more than ten (10) years.

The only error properly assigned is that the court erred in overruling appellant's motion for a new trial.  The reasons properly assigned for a new trial are:

(1)   The finding of the court is contrary to law.

(2)   The finding of the court is not sustained by sufficient evidence.

The evidence shows that the appellant, at the time in question, was in the beer and restaurant business on Madison Avenue in the City of Indianapolis; that one

Alfred G. Mueller sold or claimed to have sold appellant some light fixtures; that on or about the 29th day of October, 1933, the said Mueller, in company with two other men, went to the appellant's place of business about two o'clock in the morning and bought some beer, and, while drinking the beer, Mueller began talking to the appellant about the light fixtures, and told the appellant if he didn't want to keep them he would come out the next week and get them. The appellant asked Mueller how much the bill was, and Mueller said $20.00. The appellant told his wife to get $20.00 and throw it down on the floor, which she did. Appellant told Mueller to pick it up, and Mueller replied that he didn't do business that way and told appellant if he would put it on the counter he would give him a receipt for it. Appellant's wife picked the money up and started to put it on the counter when the appellant began shooting at Mueller. It appears from the evidence that Mueller was shot in the hand, finger, and chest. It is uncertain how many shots were fired, but all the witnesses testified there were at least two. Mueller was taken to the city hospital and remained there eleven days.

A man by the name of Piper came with Mueller to the appellant's place of business and was drinking with him. It appears that Piper went into the kitchen where appellant's wife was, and she ordered him out, and a few words were passed between the parties as to this incident. The appellant testified that when Mueller and Piper came in his place, Piper said: "We come here, we have got to have $20.00 and he had better pay off," and that Mueller pointed to the lights and said they were his. The appellant claimed that he had bought the light fixtures from Mueller's brother who had been a partner of appellant. After some conversation concerning the $20.00 passed between appellant and Mueller, the appellant claimed that Mueller walked over close to him,

and he told him, "Don't take another step"—that he took another step, and then appellant shot Mueller. The appellant claimed that Mueller had a gun and that he shot in self defense. There is no evidence at all that Mueller had a gun and no evidence that he made any effort to do any harm to the appellant. There is no evidence that the appellant was in danger of bodily harm when he fired the shots at Mueller.

An intent to kill need not be proved by positive evidence, but it may be inferred from the circumstances of the case. It may be inferred from the deliberate use of a deadly weapon in a manner calculated to produce death. *Walke* v. *State* (1893), 136 Ind. 663, 36 N. E. 356.

In the case of *Larkin* v. *State* (1904), 163 Ind. 375, 71 N. E. 959, this court said (p. 378) :

"Where an assault and battery is committed with a deadly weapon which is deliberately used in such a manner as to be reasonably calculated to take or destroy life, the intent to kill may be inferred as a fact from the act itself."

In the instant case the appellant used a deadly weapon in a deliberate manner as to be reasonably calculated to take and destroy life, and, under all the evidence it shows an intent on the part of the appellant to take the life of Mueller. And when the evidence, with all the legitimate and reasonable inferences which the court was warranted in drawing therefrom is considered, it can not be said that there is such an absence of evidence as to leave the finding of the court unsupported upon any material point or fact. The fact that the evidence in a particular case upon which the finding and judgment of the lower court rests may be said to be weak or unsatisfactory is not available on appeal to this court. *Larkin* v. *State, supra.*

We find no reversible error.

Judgment affirmed.