## WILSON v. STATE OF INDIANA.

[No. 28,977. Filed April 22, 1953. Rehearing denied June 9, 1953.]

*Robert O. Chambers* and *Fred Dobbyn,* of Washington, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

FLANAGAN, J.—The appellant is charged with the offense of buying, concealing, and aiding in the concealment of, stolen property. His plea is not guilty. Trial to jury resulted in a verdict of guilty. On appeal, his sole assignment of error is that the trial court erred in overruling his motion for a new trial. The grounds for a new trial which are discussed in the brief are (1) that the verdict is not sustained by sufficient evidence and is contrary to law, and (2) the court erred in the giving and refusing of certain instructions.

The appellant contends that there is no evidence from which the jury could find that the defendant had knowledge that the involved property was stolen. With this contention we cannot agree.

We cite some of the pertinent evidence. At the time involved, Freddie Walls lived at Scotland, Indiana, and worked for his father at Crane, Indiana. The nature of the work is not disclosed. Thomas Dove worked for the defendant, who ran a filling station and automobile repair shop at Crane, Indiana. William Harold Walls worked at an automobile body

shop in Indianapolis, Indiana, and went to his mother's home at Crane, Indiana, over week-ends. Dean Collins lived on R. R. 1, Bloomfield, Indiana. His occupation is not disclosed by the evidence. None of the above-named men were engaged in raising corn. At the time of the trial of this case all of these men were serving time in the Pendleton Reformatory. Each of them admitted stealing corn out of cribs along the line of Greene and Daviess Counties and selling the corn to the defendant. It was delivered to a small farm he had in Daviess County. He had an agreement with the four men to pay them $1.00 a bushel for all corn delivered to him. The value of the corn was $1.65 per bushel. It was always delivered at night, between 10:00 p.m. and 2:00 a.m. It would be dumped at his place and he would estimate the amount and pay the thieves the next day. One of the men testified that at one time the defendant asked him where he was getting the corn, and the reply was: "Out of the river bottom." No more questions were asked. When questioned by the State Police about whether he knew the corn was stolen, the defendant threw back his head and laughed and said: "I never asked no questions."

From the above evidence, the jury was justified in finding guilty knowledge.

The defendant also contends that the State did not prove the value of the corn. There is no merit to such contention. As we have above set forth, the State proved that the corn was worth $1.65 per bushel, and the defendant paid $1.00 per bushel.

Defendant finds fault with the court's instruction numbered 10. The fault found is not that this instruction fails to correctly state the law, but that it does not state the law as fully and completely as it should. The instruction is correct

as far as it goes, and if the defendant desired more, his remedy was to submit a more complete instruction or an additional instruction. *Sims v. State* (1926), 197 Ind. 311, 147 N. E. 520.

Defendant also complains of the court's instruction numbered 13 for the same reason. The same ruling applies. Defendant further contends that instruction numbered 13 might be construed as meaning that if the defendant should have known, or might have known, that the corn was stolen, guilty knowledge follows. We do not find the instruction subject to this criticism. It states that evidence or facts and circumstances sufficient to create in the mind of the accused a *belief* that the goods were stolen may amount to guilty knowledge of such fact. We cannot construe such language as meaning that mere possibility of knowledge is sufficient.

Appellant asserts that the court erred in refusing to give two instructions tendered by him. Rule 2-17 of this court provides that when error is predicated on the giving or refusal of instructions, the statement of the record in appellant's brief must contain only "all the instructions given or tendered which have a bearing upon the questions raised." So we above considered the correctness of the two instructions given by the court on its own motion to discover whether they correctly stated the law. But as to the refusal of the court to give instructions tendered by appellant, a different question presents itself. To determine that there is reversible error, we must find that the information contained in the two instructions was not in fact covered in other instructions. This necessarily requires examination of all instructions given. They are not all in the brief. Therefore we cannot consider the question as to whether the court committed reversible error in

refusing either of these two instructions tendered by appellant.

Judgment affirmed.

NOTE.—Reported in 111 N. E. 2d 709.