FLETCHER *v.* STATE OF INDIANA.

[No. 29,984. Filed March 9, 1961.]

*Guy Stookey* and *Cecil A. McCoy*, both of Fort Wayne, for appellant.

*Edwin K. Steers*, Attorney General, *Richard M. Givan*, Assistant Attorney General, and *Richard C. Johnson*, Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged by affidavit with the crime of receiving stolen property under §10-3017, Burns' 1956 Repl. [1960 Supp.] Acts 1959, ch. 292, §4, p. 741. The case was heard by the Allen Circuit Court without the intervention of a jury, with a judgment of guilty being entered against appellant. Appellant prosecutes this appeal from that judgment.

The State's chief witness in the trial below was one Clinton Clark, the confessed thief of the stolen property. The evidence most favorable to the State is that Clark stole or, in his words, "carried away" a builder's transit level from the Purdue University Center in Fort Wayne, which he traded with appellant for guns of the proximate value of $75.00. The transit level was valued at $250.00. There is evidence that Clark also sold other valuable articles to appellant which he "carried away" from the Purdue Center, including a public address system and a camera with flash attachment. There is evidence that Clark did not verbally tell appellant that

the property was stolen, but that he and appellant had an understanding that they would deal in caution when trading items that were stolen—or "warm," as Clark termed it—and that, when trading such items, nothing would be said as to where the items came from.

Appellant first contends that the court committed error in the overruling of his motion to quash the affidavit on the ground that it failed to charge a public offense and that it is uncertain. In support of this alleged error that the affidavit fails to charge a public offense, appellant relies upon the fact that it does not contain the word "receive" and he asserts that this specific allegation is an essential element of the charge of receiving stolen property under §10-3017, *supra*. Section 10-3017 provides as follows:

> "Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen, taken by robbers, embezzled, or obtained by false pretense, knowing the same to have been stolen, taken by robbers, embezzled, or obtained by false pretense, shall, if the goods be of the value of one hundred dollars [$100] or more, on conviction, suffer the punishment prescribed for grand larceny, and if the goods be of the value of less than one hundred dollars [$100] shall suffer the punishment prescribed for petit larceny."

The affidavit under which appellant was charged reads as follows:

> "Undersigned being duly sworn, upon oath, says: That on or about the 13th day of January A.D., 1960, at the County of Allen and in the State of Indiana, Clinton Edward Clark did then and there unlawfully and feloniously take, steal and carry away 1-Keuffel and Esser Builders Transit Level of the value of Two-Hundred Fifty ($250.00) Dollars, of the personal goods and chattels of Purdue University Center, Fort Wayne, Indiana, and La-Motte Fletcher did then and there unlawfully and

feloniously buy, conceal and aid in the concealment of said property, he, the said LaMotte Fletcher then and there knowing that the same to have been stolen by said Clinton Edward Clark, as aforesaid, being contrary to the form of the statute in such case made and provided."

It is to be observed that §10-3017 enumerates four separate acts, listed in the disjunctive, which constitute the crime of receiving stolen property. This court has recently held in the case of *Brown* v. *State* (1959), 239 Ind. 358, 157 N. E. 2d 174, 178, that proof of any one of the enumerated acts in the statute is sufficient to sustain a conviction. In that case this court quoted with approval from the case of *Howard* v. *State* (1921), 191 Ind. 232, 236, 131 N. E. 403, 404, in which this court had stated the rule as follows:

> "A statute often makes punishable the doing of one thing or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or' and it will not be double, and it will be established at the trial by proof of any one of them. 1 Bishop, New Criminal Procedure, §436."

We further point out that affidavits or indictments, substantially in the words of the one in this case, have been held sufficient. See: *Wilson* v. *State* (1953), 232 Ind. 365, 111 N. E. 2d 709, and *Blum* v. *State* (1925), 196 Ind. 675, 148 N. E. 193.

Furthermore, the word "buy" connotes an acquiring of possession tantamount to receiving. As pointed out

by a Florida court, one acquiring property from a thief may be a "receiver of stolen goods," notwithstanding that he paid value for them. *Byrd* v. *State* (1915), 70 Fla. 264, 70 So. 24. It follows that a charge that the defendant "did . . . buy, conceal and aid in the concealment" of the stolen property, is sufficient to withstand a motion to quash the affidavit, if it is otherwise sufficient.

It is difficult to ascertain from appellant's brief in what particular the affidavit is uncertain. The rule pertaining to affidavits and indictments is that the charge must be sufficiently certain to enable the court or jury to understand distinctly what is to be tried and determined, and to inform the accused fully of the particular charge he is required to meet and to enable the accused to plead the judgment in bar of a subsequent prosecution for the same offense. 15 I. L. E., *Indictments and Affidavits,* §46 (1959). The accused has not cited any particular in which the charge fails to meet this standard.

Appellant next contends that the trial court committed numerous errors during the trial of the cause. Appellant here argues only four of the causes in his motion as reversible error. We will discuss them in the order presented.

Under Cause II, appellant asserts that the decision is contrary to law, in that it is not sustained by sufficient evidence. It is appellant's position that the evidence fails to prove that appellant took the property from the thief with knowledge it had been stolen.

It is often said that *knowledge* that the goods are stolen is the gravamen of the offense of receiving stolen property. However, as Judge Learned Hand stated in the case of *United States* v. *Werner* (1947), 160 F. 2d 438, 441, 442:

". . . The receivers of stolen goods almost never 'know' that they have been stolen, in the sense that they could testify to it in a court room. The business could not be so conducted, for those who sell the goods—the 'fences'—must keep up a more respectable front than is generally possible for the thieves. Nor are we to suppose that the thieves will ordinarily admit their theft to the receivers: that would much impair their bargaining power. For this reason, some decisions even go so far as to hold that it is enough, if a reasonable man in the receiver's position would have supposed that the goods were stolen. That we think is wrong; . . . But that the jury must find that the receiver did more than infer the theft from the circumstances has never been demanded, so far as we know; and to demand more would emasculate the statute, . . ."

The question of whether the accused had knowledge or reason to infer that the goods were stolen is a matter for the judge or jury to determine in light of all the facts and circumstances surrounding the receipt or purchase. 76 C. J. S., *Receiving Stolen Goods* §20 (1952). This court has repeatedly held that knowledge on the part of the accused that the property received was stolen may be proved or inferred from the circumstances. *Dobson* v. *State* (1959), 239 Ind. 673, 158 N. E. 2d 455; *Wilson* v. *State, supra* (232 Ind. 365); *Wertheimer* v. *State* (1929), 201 Ind. 572, 169 N. E. 40, 68 A. L. R. 178; *Bowers* v. *State* (1925), 196 Ind. 4, 146 N. E. 818.

Clinton Clark testified that he and appellant had an agreement or understanding that when Clark brought in "warm" or stolen merchandise to appellant's store, nothing would be said (as was true in this case) about the source, and that they would deal in caution concerning such merchandise. From this evidence an inference may be drawn that Clark and appellant were accustomed to dealing in stolen goods and that appellant was

charged with the duty to deal with Clark with a degree of caution commensurate with these circumstances.

It has been said, that:

> "Evidence is admissible both on behalf of the prosecution and defense to show what were the actual circumstances, the *arrangement or understanding* as evidenced by conversations or otherwise, under which the goods were received by accused, as bearing on the question of guilty knowledge, such evidence being admissible as part of the res gestae." 76 C. J. S. *Receiving Stolen Goods* §18 (1952).

In addition to the evidence, relative to the general agreement or understanding of the participants with respect to dealing in stolen goods, the fact that appellant traded goods for the transit level, which were substantially less in value, is further probative evidence to be considered with the other circumstances going to the proof of knowledge.

Again, quoting Judge Learned Hand in the Werner case,

> ". . . In prosecutions for receiving stolen property for obvious reasons one of the most telling indices of guilt is a low price paid by the receiver. Thieves are in no position to bargain; they must rid themselves of their loot as quickly as possible and their willingness to sell cheap betrays, or should betray, their predicament. . . ."

We are aware of the conflict between appellant's explanation of the transaction and of the inferences drawn from the above evidence. However, this court may not weigh the evidence but is limited to a consideration of evidence favorable to the State and cannot reverse if there is evidence of probative value upon which to sustain the decision of the trial court. *Dixon v. State* (1945), 223 Ind. 521, 529, 62

N. E. 629; *Howard* v. *State* (1933), 205 Ind. 592, 596, 187 N. E. 381; *Larkin* v. *State* (1904), 163 Ind. 375, 378, 71 N. E. 959.

Appellant next argues Cause No. V(c) of his motion for new trial, in which he asserts that the court erred in overruling the defendant's objection to several questions propounded by the State during the re-direct examination of Clark. Said questions, answers and ruling by the court are as follows:

"Q. Do you know what this is I have my hand on? Come look at it.

A. Some kind of TV equipment.

Q. Have you seen that before?

A. Yes, or one like it.

Q. And was that carried out of the Purdue University Center?

A. Yes.

Q. And who carried it out?

A. I carried it away.

Mr. Stookey: Your Honor, the defendant now objects to any evidence as to any article that was stolen subsequent to the date they allege in their affidavit was stolen, it doesn't prove or doesn't tend to prove that he had quilty knowledge the day he sold this instrument over here and it's incompetent.

Mr. Parrish (for State): Our answer to that is that he had an agreement, they had a pattern agreement that this man would go out and steal things, or carry them away, to use his own *language*, and take them over to the defendant. We're entitled to show the terms and the ramifications.

Mr. Stookey: If he's trying to bring conspiracy in here the evidence is entirely inadmissible. Property stolen subsequent to that complained of in the affidavit is incompetent.

The Court: I don't know when this was taken.

Mr. Stookey: I have the sales slip on it here.

The Court: Go ahead."

It is to be noted from the above testimony that the witness did not testify as to *when* the articles were stolen or taken to appellant's place of business. Appellant's counsel objected on the ground that the property was stolen after the date in the affidavit and was therefore inadmissible. The judge asked appellant's counsel how he knew this fact and and he. said, "I have the sales slip on it here." This statement is not evidence. Appellant's counsel was not testifying under oath at the time. We do not here decide the question as to the propriety of the evidence, but if appellant's counsel had grounds for making an objection, the proper procedure would be to request permission of the court to ask preliminary questions relative to the date of the particular transaction for the purpose of making an objection. Further, the record reveals that no objection was made *prior* to the objectionable testimony, and no motion to strike was made. Therefore, no error is reserved as to the admission of the testimony. *Beeler* v. *State* (1951), 230 Ind. 444, 104 N. E. 2d 744.

Under Cause No. V (f) of his motion for new trial, appellant asserts that the court erred in sustaining the objections of the State to certain questions propounded by counsel for appellant during the cross-examination of Gerald William Clark, a police officer. The question and objection are as follows:

"Mr. Stookey: Prior to the first trip you made out to the defendant's store, do you recall an advertisement in the newspaper advertising these items for sale?

Mr. Parrish (for State) : To which question we object, your Honor.

The Court: Oh, yes, sustained.

Mr. Stookey: It would certainly go to the element of concealment if the man advertised in the newspaper.

The Court: They are not claiming that he hid them anywhere. You don't need to spend any time on that. That isn't in this case at all."

The only possible apparent purpose of the question was to show that the defendant was not trying to conceal the stolen merchandise. The judge excluded the evidence on the ground that concealment had not been pursued as an issue in the case. The State at no time introduced evidence of concealment. It is not error for the court to sustain an objection to a question when the answer could have no real bearing on the guilt or innocence of the accused, under the facts as presented in the case. *Michopoulos* v. *State* (1925), 197 Ind. 231, 235, 149 N. E. 564.

Under Cause No. V(d) of his motion for new trial, appellant asserts that the court erred in sustaining the State's objection to certain questions asked by defendant during the re-cross examination of Clinton Clark. The questions, objection and ruling by the court are as follows:

"Mr. Stookey: It is your answer to the question that he did not know; the defendant does not or did not know from you when you sold him this stuff that it was stolen goods?

A. Oh, no.

Mr. Parrish (for State) : We object, your Honor. That's for the court to determine.

The Court: Sustain the objection.

Mr. Stookey: Now, Clinton, I'm going to ask you—you testified a little while ago that you were acquainted with John Branam?

A. That's right.

Q. You have known him how long?

A. Oh, I think I knowed him before I did Mr. Fletcher, a little while, a month, maybe two months.

Q. I'll ask you whether or not just before you came into this courtroom, that you and he didn't

have a conversation downstairs with reference to this stolen property?

A. We didn't.

Mr. Parrish (for State) : We are going to object, your Honor.

The Court: Sustained.

Mr. Stookey: It's ground for impeachment at any time in a criminal case."

With respect to the above objections, in both instances the answer was given *before* the objection was made and no motion was made by the State to strike the answer, therefore the answers remained in the record. Furthermore, it would appear that the answer solicited by the first question merely called for a conclusion of the witness and the answer was therefore objectionable.

In addition, with respect to the second question, although the objection was sustained, the record reveals that the court, later on in the questioning, allowed the witness to answer questions of the same substance as those previously objected to and sustained. Therefore, it does not appear that appellant was prejudiced by the refusal to permit a witness to testify to a question which was substantially answered in a later question.

Finding no reversible error, the judgment is affirmed.

Bobbitt, C. J., Arterburn and Landis, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 172 N. E. 2d 853.