## PEASE *v.* STATE OF INDIANA.

[No. 370S47. Filed November 18, 1970.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was charged by affidavit and convicted of armed robbery, having been tried before a jury in the Vanderburgh Circuit Court.

Evidence introduced at the trial indicates that appellant Jesse Lewis Pease and two other men entered the Stop-N-Go Market in Evansville on June 2, 1969, for the purpose of robbing it. Appellant allegedly put a knife in the back of Benjamine Joseph Harrelson, the night manager of the market, and told two accomplices to get the money. After Harrelson opened the cash register for the men and the money was taken, Pease proceeded to open the cooler and put Harrelson in it. Pease then ran back to the car and after waiting a short while for his accomplices, who did not return to the car, drove to the apartment of Clara Taylor with another man who had waited in the car, but who had not participated in the robbery.

Appellant first contends that the court committed manifest error in refusing to allow Jackson C. Humphrey, an employee of the Evansville State Hospital, to testify in defendant's behalf concerning defendant's mental condition. Since the issue of insanity was not presented by the pleadings, the refusal of the trial court to permit evidence on this matter was proper. *Brown* v. *State* (1960), 241 Ind. 14, 158 N. E. 2d 290; *Walker* v. *The State* (1894), 136 Ind. 663, 36 N. E. 356; 1 Ewbanks Indiana Criminal Law, Symmes Ed., § 253. Likewise, two county policemen were not permitted to testify as to an alleged attempted suicide after defendant was incarcerated in jail.

Appellant maintains the trial court committed error in not allowing the defendant to examine pre-trial statements given to the police or prosecutor by witnesses who testified in behalf of the State of Indiana, especially Mary Ann Gee. The record appears to show that when the request was made, the prosecuting attorney stated that he had already furnished the defendant a copy of such statement. The defendant's counsel

did not deny such statement. There is no evidence showing any other statement was made, since the prosecuting attorney stated none was taken by his office. We further point out that no foundation was made for the statements as required under *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873. The only other request for access to a statment made by a witness that was brought out in the appellant's Motion for a New Trial was of witness Terry Dover. Counsel for the defendant was given the statement made by Terry Dover just after the witness was sworn.

Finally, appellant contends that the evidence shows that the defendant was unable to form a criminal intent to commit robbery by reason of being in a drunken condition during the robbery. However, incidents during and after the robbery indicate that the jury could properly have concluded that the requisite intent was present. For example, before leaving the scene of the crime, the defendant made Harrelson, the store manager, get into the store's cooler. After returning to the car, the defendant drove to the apartment of Clara Taylor and sent Terry Dover back to pick up his accomplices. Defendant was also aware of the approximate amount of money taken from the store. Thus, there was sufficient evidence from which the jury could have found defendant had the requisite capacity to form an intent to commit the crime charged.

We note that under Indiana law, the appellant waived such grounds as were not supported in his brief, though set out in his motion for a new trial. *Brown* v. *State* (1969), 252 Ind. 161, 247 N. E. 2d 76.

Judgment is therefore affirmed.

Hunter, C.J., and Givan, J., concur; DeBruler, J., dissents with opinion, in which Jackson, J., concurs.

### DISSENTING OPINION

DeBruler, J.—In my view, evidence that appellant, prior to the date of this offense, had been hospitalized and treated

in a state psychiatric hospital, and that he had attempted suicide while in jail was admissible even though the appellant did not enter a plea of insanity. Such evidence is admissible as tending to prove that the appellant was suffering from a mental condition, not amounting to legal insanity, which might have affected his ability to form the requisite criminal intent. In addition, such evidence is competent in Indiana, in the absence of a plea of insanity, as "matter in mitigation". *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996. See Comment Note, 22 ALR 3d 1228. I would, therefore, vote to order a new trial.

Jackson, J., concurs.

NOTE.—Reported in 263 N. E. 2d 544.