HUDSON *v.* STATE OF INDIANA.

[No. 29,371. Filed January 24, 1957.]

*Philip R. Correll,* and *C. Keith Pettigrew,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a judgment sentencing appellant to imprisonment for a determinate period of ten (10) years for the commission of the offense of Automobile Banditry. Although some questions as to the condition of the record have been raised in this case, we have decided to consider the case on its merits.

The appellant claims by assigned error that the verdict is contrary to law, and is not sustained by sufficient evidence. More specifically appellant says:

"The state did not show an actual felony to-wit:

A burglary, but tried only to show an attempted burglary. The State failed in proving even the attempt to commit a burglary by the appellant."

The statute under which the appellant was convicted is as follows:

"If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape, attempt to escape or intend to escape, or having attempted or committed such felony, he or they seize an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape or attempt to escape, he, they and each of them shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less than ten [10] years nor more than twenty-five [25] years." Acts 1929, ch. 54, §3, p. 136, being §10-4710, Burns' 1956 Replacement.

Although an attempt to commit burglary by itself is not a criminal offense under the laws of this state, an attempt to commit such a felony may become a basis for the charge of automobile banditry if an automobile is near the place of the attempt and is to be used for escaping. *Barrick* v. *State* (1954), 233 Ind. 333, 119 N. E. 2d 550; *Link* v. *State* (1953), 232 Ind. 466, 113 N. E. 2d 43; *Taylor, Bryant* v. *State* (1956), 235 Ind. 126, 131 N. E. 2d 297.

The gist of appellant's contention is that the state did not present any evidence showing that the appellant was a person who attempted a burglary. For that purpose we must review the evidence most favorable to the state. Briefly, the testimony shows that a witness, from his home about one o'clock in the night, observed a man he later identified

as appellant, sitting in a Kaiser car parked across the street about 150 feet from the witness' home. The actions of the appellant were suspicious. As the lights of traffic moved along the street, he would lie down in the car to avoid being observed. Later he got out of the car and walked in the direction of the rear of a drug store nearby. This witness then called the police who arrived about fifteen minutes later. After the police drove up, the appellant was seen running about 75 feet from the rear of the drug store. The officer called to him to halt a number of times, and he failing to do so, the police shot in the air, and he slipped or fell down. They discovered that the back door of the drug store had a hole cut in it, and was marked by the recent cutting of a sharp instrument. A sharp hatchet was found 25 feet from the rear door of the store, and this fitted with the marks in the door. The owner of the drug store testified that he left this place about 10:30 P.M. and locked the door. At that time the door was not marked and had no hole cut in it. When the officers caught the appellant he was asked why he ran, and he stated, "I have been shot at before." Appellant denied he had any automobile, but later when his car was discovered parked about 100 feet from the rear of the drug store, and he was confronted with this fact, he stated, "I am not crazy—I have been around, I know what has been staring me in the face." Whether or not appellant intended to use the automobile to escape was a question of fact to be determined by the jury under *Barrick* v. *State, supra* (1954), 233 Ind. 333, 119 N. E. 2d 550.

At the trial the appellant claimed he went to the rear of the building to urinate. Apparently the jury did not believe his story in view of his actions before the police were called and after the police arrived. The

evidence is such in this case, considering the time of night, and the absence of any other persons in the vicinity, that the jury could exclude the reasonable possibility of any other person committing the crime, and draw the inference of appellant's guilt from his own actions and surrounding facts.

The state is not required to prove every element of the crime by *direct testimony* or the observance of each essential act by a witness. It is sufficient if the triers of the fact are satisfied beyond a reasonable doubt, based on logical inference drawn from other facts. It is true that guilt may not be established by mere opportunity to commit a crime. It must be proved by circumstances which point directly at a defendant. Here the suspicious conduct of the appellant in his car late at night and his attempt to flee and escape from the immediate rear of the building where a burglary had been recently attempted but not completed, points directly to the appellant as the guilty party. *Davidson* v. *State of Indiana* (1933), 205 Ind. 564, 187 N. E. 376; *Sanders* v. *The State* (1883), 94 Ind. 147; *Padgett* v. *The State* (1885), 103 Ind. 550, 3 N. E. 377; *Anderson* v. *State* (1897), 147 Ind. 445, 46 N. E. 901.

The judgment of the trial court is affirmed.

Achor, C. J., Emmert and Landis, JJ., concur.

Bobbitt, J., dissents.

NOTE.—Reported in 139 N. E. 2d 917.