DOBSON *v.* STATE OF INDIANA.

[No. 29,725. Filed May 21, 1959. Rehearing denied September 17, 1959.]

*Alexis T. Cholis,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M. Wall,* Assistant Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by indictment with the crime of buying, concealing, and aiding in the concealment of stolen goods under Acts 1905, ch. 169, §381, p. 584, being §10-3017, Burns' 1956 Replacement, tried by jury, found guilty as charged and sentenced accordingly.

The overruling of his motion for a new trial is the sole error assigned.

The indictment charged appellant with unlawfully and feloniously buying, concealing and aiding in the concealment of 200 cartons of cigarettes from Joseph Neland and Peryle Neland, d/b/a Neland's Food Store, knowing the same to have been stolen by Walter P. D. Wagner and Albert F. Warren.

Section 10-3017, *supra,* provides, in pertinent part, as follows:

"Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen, . . . knowing the same to have been stolen, . . . ."

Appellant asserts that the verdict of the jury is not sustained by sufficient evidence in three respects:

*First*: That the State failed to show that the goods received by him were stolen goods.

We have no quarrel with the authorities from other jurisdictions upon which appellant relies to sustain his contention. However, because of the circumstances as shown by the record in the present case, they are not persuasive in determining the question here presented.

Evidence is not to be considered in fragmentary parts, but it was the duty of the jury here to consider the entire evidence and to determine the weight of testimony from the whole body of the evidence. *Breedlove* v. *State* (1956), 235 Ind. 429, 443, 134 N. E. 2d 226.

The evidence most favorable to the State discloses that more than 200 cartons of cigarettes were stolen from Neland's Food Store. As a witness for the State, Joseph Neland identified certain large cardboard boxes that were stolen from his store, some of which had his name printed thereon. He also identified several cartons of cigarettes as having been in such boxes.

Appellant stated, in a signed confession to the police (State's Exhibit 98), that "Warren approached me in the barber shop where I worked and asked me if I knew where I could sell some stolen cigarettes." Appellant further stated, as shown by State's Exhibit 98, that he told Warren he would attempt to sell the cigarettes for a commission of fifty dollars, after he had ascertained that there were about 200 cartons. He further stated that after he got off work at about 7:30 P.M. he called Warren at about 11:00 P.M. to make arrangements to "pick up the cigarettes." He met Warren at a place designated, and upon arrival War-

ren got in appellant's car and drove with him to the Wiese Catering Service and picked up a panel truck which he had borrowed. Appellant and Warren both got in the truck which appellant drove at the direction of Warren until they met Wagner on South Logan Street in Mishawaka. After driving around "considerably" he stopped near the intersection of Capitol Avenue and Harrison Road in Mishawaka where Wagner opened the trunk of his car which was loaded with cartons and boxes of cigarettes. Appellant, Warren and Wagner then started to remove the cigarettes from Wagner's car and transfer them to the panel truck, and after the cigarettes were "pretty well loaded into the truck" two police cars appeared and arrested the three men.

When asked by the police if Warren and Wagner, as well as appellant, knew the cigarettes were stolen merchandise appellant answered, "Oh sure, they must have known if they stole them, they told me they did anyway."

We think the jury could reasonably have found from the foregoing that the cigarettes found in the panel truck in possession of appellant were stolen goods.

*Second*: Appellant asserts that the evidence is insufficient to show that he had bought, received, concealed or aided in the concealment of the stolen goods. The evidence summarized under "First" above is also sufficient to show that appellant received and aided in the concealment of the stolen goods. When the stolen cigarettes were loaded into the truck they were "received" by appellant, and the jury could reasonably infer from the actions of appellant, Wagner and Warren that appellant was aiding in their concealment.

*Third*: Appellant finally asserts that the evidence

is insufficient to show that he had knowledge that the property was stolen.

The question of knowledge is one of fact to be determined by the jury and it may be proved or inferred from the circumstances surrounding the transaction. *Wertheimer* v. *State* (1930), 201 Ind. 572, 579, 580, 169 N. E. 40, 68 A.L.R. 178.

We think the evidence here amply fulfills these requirements and is sufficient to show that appellant not only knew that the cigarettes were stolen but also who stole them.

Appellant has failed to show reversible error and the judgment of the trial court must be affirmed.

Judgment affirmed.

Landis, C. J., Achor, Arterburn and Jackson, JJ. concur.

NOTE.—Reported in 158 N. E. 2d 455.