## MILLER v. STATE OF INDIANA.

[No. 31,146. Filed April 29, 1968.]

*Patrick J. Hadler*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Rex Phillip Killian*, Deputy Attorney General, for appellee.

HUNTER, J.—Appellant Charles Miller was convicted of the crime of theft of stolen property pursuant to Ind. Anno. Stat. § 10-3030 (Supp. 1967) subsection (1) d and (2) a, b or c, (infra) in the Morgan Superior Court, and appeals from the overruling of his motion for new trial.

The affidavit upon which appellant was tried, omitting caption and signatures reads:

> "H. Fred Neal being duly sworn, upon oath says, that in and at the County of Morgan, in the State of Indiana, on or about the 24th day of September, 1965, that one Charles E. Miller did then and there unlawfully commit the crime of theft in that he obtained and exerted unauthorized control over certain property, to wit: console, right bucket seat, and left bucket seat removed from a 1962 Chevrolet Super Sport, blanket, '64 Atlas,' a towel, pair pliers, ignition switch, two window slides, two boxes C-Rations, 1 quart of Quaker State Oil, 12 oz. Can Indiana Heal brake fluid, 1 army Flashlight, set front and rear floor mats, and a pair of glasses case, all property belong (sic) to Keith J. Thompson, and of the value of $300.00 and having heretofor been unlawfully, feloniously removed, taken and stolen from the said Keith J. Thompson, the said Charles E. Miller well knowing said property to have heretofor been feloniously and unlawfully taken, removed, and stolen, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The above affidavit is so phrased as to attempt to charge appellant with violating Ind. Anno. Stat. § 10-3030 (d) (Supp. 1967) which reads as follows in pertinent part:

"10-3030. Theft in General.—A person commits theft when he (1) knowingly: . . . (d) obtains control over stolen property knowing the property to have been stolen by another, wherever the theft may have occurred; . . . and (2) either:

(a) intends to deprive the owner permanently of the use or benefit of the property; or

(b) uses, conceals or abandons the property in such manner as knowingly to deprive the owner permanently of such use or benefit; or

(c) uses, conceals or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit."

Reviewing the evidence most favorable to the appellee State of Indiana, we find that on September 21, 1965, a certain 1962 Chevrolet automobile belonging to one Keith Thompson was stolen in Indianapolis. On the afternoon of September 24, 1965, the appellant, Charles Miller, was operating a 1958 Chevrolet automobile in Morgan County. Appellant was a part-time auto mechanic residing in Indianapolis and was returning to the city after feeding his horse which he kept on a Morgan County farm. The trunk of the automobile appellant was driving was not fully closed and apparently contained automobile equipment, notably bucket seats from another car.

As appellant proceeded along his route, he executed a right hand turn from Hwy. 67 onto a county road known as Hadley Road. However, upon observing that a vehicle safety check station had been set up by a State Policeman on Hadley Road, appellant made a virtual U-turn in both lanes of Hadley Road, and proceeded back out onto Hwy. 67. Observing this deviation, the State Policeman, Trooper Chester Inlow, pursued appellant and stopped him.

Upon Inlow's request, appellant produced his driver's license. Appellant told the officer that the automobile belonged to a man named Erwin, who lived in Indianapolis, and that he, appellant, had been employed by Erwin to install a clutch in the car. Appellant also told the officer that he had completed the clutch installation, but at trial he admitted that that statement was not true, that he had merely adjusted the clutch but intended to charge Erwin for installation of a new clutch. The State produced testimony by a deputy sheriff, who was a former auto mechanic, to the effect that in his opinion the clutch on the auto had not been adjusted near the time of appellant's arrest since the grease and grime caked on certain adjustment bolts had not been disturbed by any of the necessary tools.

Appellant was unable to produce a motor vehicle registration form for the auto he was driving, and for that violation Trooper Inlow made out a notice to appear in Justice of the Peace Court in Mooresville, and impounded the auto in Mooresville pending proof of ownership.

Trooper Inlow asked appellant about certain loose articles of automobile equipment that were in the auto and appellant told him they belonged to a friend. He never named the friend and the officer apparently never asked that he be more specific.

After impounding the automobile, Trooper Inlow, along with other law enforcement officers inventoried the loose auto equipment, and investigated the ownership of the auto. The investigation disclosed that the auto belonged to one Lowell Erwin of Indianapolis, and that the license plates on the auto were also in Erwin's name but were registered to a different automobile. There was no report that the vehicle appellant was driving had been stolen. Erwin was not produced at trial, and apparently could not be found by either appellant or appellee.

The day after appellant was stopped by Trooper Inlow, Keith Thompson came to Mooresville where the vehicle and its

contents were impounded and identified various loose items in the auto appellant had been driving as equipment from his stolen 1962 Chevrolet. Thompson identified those goods again at appellant's trial.

Sometime after Thompson identified the loose auto equipment at Mooresville, the 1958 Chevrolet was stolen from the location at Mooresville where it had been impounded and had not been recovered by the time of trial.

Apparently, as a result of a misunderstanding of the testimony surrounding the theft of the automobile, the Attorney General contends in his brief that appellant was driving a stolen car when Trooper Inlow arrested him. But that is not the case.

On the basis of the foregoing evidence, the appellant was found guilty as charged, and was sentenced to one (1) to five (5) years in prison and was fined $300 and costs.

One of the errors alleged by appellant in his motion for new trial is that the evidence is insufficient to support the verdict of guilty. Under Ind. Anno. Stat. § 10-3030, *supra,* the elements of the crime appellant is charged with are:

(1) knowingly obtaining control,
    (2) over stolen property,
    (3) knowing the property to have been stolen by another
(4) either with intent to deprive the owner permanently of the use and benefit of the property, or using, concealing or abandoning the property in such manner as knowingly to deprive the owner, or as probably will deprive the owner permanently of such use or benefit.

The central issue in appellant's challenge to the sufficiency of the evidence is whether the State produced sufficient evidence to justify the jury in finding that appellant knew the property in question was stolen.

"The question of the existence of such knowledge is one of fact for the jury, . . . and it is sufficient if the facts and circumstances surrounding a defendant's receiving and concealing of the property were such that the jury could reasonably infer and conclude therefrom

that he knew it was stolen. . . . Guilty knowledge that the property received is stolen cannot rest on mere supposition and, where the State relies wholly on circumstantial evidence to show such guilty knowledge, the circumstances relied upon must point clearly and conclusively to guilt and exclude every reasonable hypothesis of innocence, . . . sufficiently to convince the jury beyond a reasonable doubt that the accused knew the property was stolen." *Wertheimer and Goldberg* v. *State* (1929), 201 Ind. 572, 580, 169 N. E. 40. (citations omitted.)

We have recently reiterated that the State may resort to circumstantial evidence to prove essential elements of the crime charged; but in order for that circumstantial evidence to be adequate, all reasonable hypotheses of innocence must be excluded. *Hardesty* v. *State* (1967), 249 Ind. 518, 231 N. E. 2d 510. While it is true that the requisite knowledge that the goods are stolen may be proved or inferred from the circumstances surrounding the defendant's possession and use of the property in question, *Dobson* v. *State* (1960), 239 Ind. 673, 158 N. E. 2d 455, it has long been the accepted law of this State that:

"The rule that the possession of stolen property, the proceeds of a larceny, soon after the commission of the offense, unless explained, is *prima facie* evidence of the guilt of the person in whose possession the property is found, does not apply to the offense of receiving stolen property." *Bowers* v. *State* (1924), 196 Ind. 4, 146 N. E. 818 (citations omitted).

Therefore, since the possession of the goods, by itself, does not provide sufficient evidence that appellant had knowledge that the goods in question were stolen, we must determine from all the evidence, in compliance with *Wertheimer and Goldberg* v. *State, supra,* whether there is substantial evidence of probative value from which the jury could have concluded or inferred beyond a reasonable doubt that every reasonable hypothesis of innocence in regard to such knowledge on the part of the appellant was excluded.

We hold that the evidence fails to meet that standard as a matter of law. An inference, to be valid, must be logical. *Hudson* v. *State* (1957), 236 Ind. 237, 241, 139 N. E. 2d 917. It must follow as an impelling certainty from the circumstantial evidence which mothers it, or it is not proper. *There is no evidence to support a logical inference in the record before us that appellant had knowledge that the property was stolen.*

Appellant was, indeed, operating a vehicle containing stolen property and he did maneuver his vehicle so as to avoid confrontation with the police, and he did tell Trooper Inlow that he had installed a new clutch in the auto when, in fact, he had not done so. However, what appellant did or did not do to the vehicle he was driving in the way of making repairs on it has no relevance whatever to the question of appellant's knowledge. Furthermore, when viewed in context, appellant's possession of the stolen goods is plausibly explained. The evidence most favorable to the State indicates that the trunk, containing several stolen items, was open enough to reveal its contents to anyone wishing to investigate; that the vehicle belonged to Lowell Erwin, just as appellant indicated to police; that appellant cooperated in every way with Trooper Inlow and other law enforcement officers; and that appellant was driving the vehicle full of stolen property to and from a farm where he kept a horse, even though he owned a newer automobile himself. These facts, if not wholly inconsistent with the reasonable hypothesis that appellant had knowledge that the property was stolen, certainly do nothing to enhance that hypothesis or to exclude every reasonable hypothesis of lack of such knowledge. To conclude from the sparse facts in this record that appellant had guilty knowledge would be to conclude guilt where only a possibility of guilt was proved. We therefore find that the evidence in this case was insufficient to justify the jury in finding that every reasonable hypothesis of innocence had been excluded.

Although it is not raised by the appellant, we are compelled to note that the affidavit filed in this case, *supra*, which purports to charge appellant with the crime of theft, § 10-3030, *supra*, does not include an essential element of that crime. To commit theft, § 10-3030, *supra*, requires either intent to deprive the owner permanently of the use and benefit of the property, or using, concealing or abandoning the property in such manner as knowingly to deprive the owner, or in such manner as will probably deprive the owner permanently of such use or benefit. This element of intent is not charged in the affidavit in this case and therefore, no crime is charged.

We hold that since the appellee State wholly failed to introduce substantial evidence of probative value from which the jury could have concluded beyond a reasonable doubt that appellant had knowledge that the property in question was stolen, and since the affidavit in this case fails to charge appellant with a criminal offense, this cause must be reversed and remanded for new trial.

Judgment reversed.

Lewis, C. J. and Jackson, J., concur. Arterburn, J., dissents with opinion in which Mote, J., concurs.

NOTE.—Reported in 236 N. E. 2d 173.

### DISSENTING

ARTERBURN, J.—I must dissent from the majority opinion because I feel it is a usurpation by this Court of the function of the jury in weighing the evidence and determining what inferences of guilt should be believed or disbelieved by the jury from circumstantial evidence. The opinion states that the jury has a right to draw inferences of guilt from circumstantial evidence, but only if there is no reasonable hypothesis of innocence. However, the opinion then proceeds to perform the function of the jury in weighing and considering the inferences of guilt and innocence and concludes that the

jury was in error. We have no more right to weigh these inferences and determine which we desire to believe than we do to weigh any other evidence in determining whether or not the jury has excluded all reasonable doubt of innocence. We may only determine whether there is evidence to support the verdict which the jury returned. Whether or not a reasonable hypothesis of innocence exists is a question for the jury. In determining this the jury has a right to determine what they wish to believe or disbelieve.

In the case before us there are reasonable inferences of guilt. We have no right to overrule the jury's conclusion in this respect.

Briefly, the evidence shows that the appellant, with the stolen articles in his car, observed a police inspection and blockade ahead on the highway and to avoid being stopped, made a virtual U-turn off the highway and was followed by a state policeman as a result of this obvious attempt to avoid the police. When he was finally stopped by the police, it was discovered that he had no motor vehicle registration for the car he was driving. The owner of the car could not be found. The license plates affixed to the car the appellant was driving were for a 1955 Ford and he was driving a Chevrolet. He claimed that he had possession of the car to repair the clutch. The testimony showed that the clutch had not been altered or repaired. The various automotive equipment and articles found in his car were proved to have been stolen only three days previously, and a reasonable inference arises from the possession of recently stolen property. Finally, the jury had a right to take into consideration the appellant's conviction of past misdemeanors in determining whether his story and testimony were believable. Some argument is made that the rear trunk of the car was partially open and therefore this shows good faith on the part of the appellant. To me this is a question for the jury to weigh and consider against the other logical inferences of guilt which may be drawn. It is not

shown whether the trunk lid could or could not have been closed by reason of the equipment hauled in the rear.

For the reasons stated, I think this Court is stepping down into the jury box and weighing the evidence on appeal when this is solely a constituitional privilege of the jury. We may only consider the evidence and inferences most favorable to the State, excluding those which the jury sees fit not to believe in case of a conviction.

I would affirm the conviction.

Mote, J. concurs.

NOTE.—Reported in 236 N. E. 2d 173.