ALVIN W. WILSON *v*. STATE OF INDIANA.

[No. 2-973A203. Filed December 28, 1973.]

*Alex L. Rogers, Steers, Klee, Sullivan & LeMay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant (Wilson) was tried to the court without a jury and convicted, as charged, of theft of an automobile. He appeals from the judgment sentencing him to imprisonment for one-to-ten years.

We reverse for the reason that the record is devoid of substantial evidence of probative value from which it may reasonably be inferred that defendant knew the automobile was stolen.

The affidavit (information) under which defendant was tried charged that he "committed the crime of theft in that he *knowingly,* unlawfully, and feloniously obtained and exerted unauthorized control over a certain motor vehicle of Peter A. Mumford . . . intending to deprive Peter A. Mumford of the use and benefit of said property. . . ." (Our emphasis.) This charge was laid in the language of the Offenses Against Property Act (IC 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 [Burns 1973 Supp.]) which provides that:

"A person commits theft when he

"(1) *knowingly:*

   (a) obtains or exerts unauthorized control over property of the owner;

   ". . . and

"(2) either:

"(a) intends to deprive the owner of the use or benefit of the property, or . . .". (Our emphasis.)

In his motion for discharge at the conclusion of the State's case-in-chief (perhaps more properly a Trial Rule 41(B) motion to dismiss), and again in his motion to correct errors, and finally in his briefs here, the defendant has asserted in substance that the State has failed to present evidence (direct or circumstantial) sufficient to sustain a finding that defendant knew the automobile was stolen. The State tacitly concedes that the evidence of guilty knowledge on defendant's part is circumstantial and asserts: "The behavior of the appellant and his passenger at the scene of the accident justified the trier of facts' inference of knowledge." The State has failed to specify the "behavior" to which it refers. We have carefully read and reread the transcript of the evidence and fail to find it.

The evidence and reasonable inferences most favorable to the State establish these facts:

The automobile in question was owned by and properly registered in the name of Peter A. Mumford. On the afternoon of January 30, 1973, owner Mumford was driving the car and his friend Arthur Harlson (who later apparently stole it) was riding with him. At about 3:00 to 3:30 P.M. Mumford parked the car on the street at his cousin's house and went into the house, leaving Harlson in the automobile. When Mumford returned to the street some fifteen minutes later both friend Harlson and owner Mumford's automobile were gone. Mumford had given him no permission to take the car but delayed until the following day to report it stolen because he thought his friend Harlson might return it.

At about 8:00 A.M. that same following day, January 31, 1973, defendant Wilson (who was not acquainted with owner Mumford) was driving the automobile when it was involved in an accident with two other automobiles. Owner Mumford's friend Harlson was also in the car. That accident was investigated by an Indiana State Police Trooper who made no

arrests at the scene. He did question both Harlson and Wilson separately, however, as well as the drivers of the other two vehicles. The Trooper learned from the drivers of the other two cars that Wilson and Harlson were lying when they said that Harlson was driving. Harlson said he was owner Mumford, but there is no evidence that he made that false identity claim in defendant Wilson's presence. Wilson had no driver's license but the Trooper established via radio that a license had been issued to a person of his name and description.

Some days later the Trooper learned that the automobile in which defendant Wilson and Harlson were riding was reported stolen. He then instituted criminal proceedings against both Harlson and Wilson. Wilson was arrested. Friend Harlson was never found. In his testimony at the trial Wilson insisted that he was not driving the car and that he did not know it was stolen. He testified that he had been riding in the car with Harlson the night before when Harlson told him that the car belonged to his cousin. Asked at the trial who that would be, he answered, "Peter Mumford, I presume." He said Harlson had not told him the car was stolen and he had no reason to believe it was. He said they were on their way to a plant to apply for work.

In *Miller* v. *State* (1968), 250 Ind. 338, 236 N.E.2d 173, the defendant was charged under the clause of the Offenses Against Property Act which provides (as now renumbered) that:

> "A person commits theft when he (1) knowingly: . . . (f) obtains control over stolen property knowing the property to have been stolen by another . . . [etc.]."

This would appear to have been the more appropriate charge in the case at bar and is obviously what the State here contends it did prove.[1] We therefore consider the following statement in *Miller* applicable to, and descriptive of the case at bar:

---

1. Defendant argues that he was charged under the wrong subsection of Ind. Ann. Stat. § 10-3030 (Burns 1973 Supp.), the charge, as previously noted, being laid under subsection (1)(a) and (2)(a), while the evidence, at best, tended to show a violation of subsection (1)(f) and

". . . While it is true that the requisite knowledge that the goods are stolen may be proved or inferred from the circumstances surrounding the defendant's possession and use of the property in question, *Dobson* v. *State* (1960), 239 Ind. 673, 158 N.E.2d 455, it has long been the accepted law of this State that:

" 'The rule that the possession of stolen property, the proceeds of a larceny, soon after the commission of the offense, unless explained, is *prima facie* evidence of the guilt of the person in whose possession the property is found, does not apply to the offense of receiving stolen property.' *Bowers* v. *State* (1924), 196 Ind. 4, 146 N.E. 818 (citations omitted).

"Therefore, since the possession of the goods, by itself, does not provide sufficient evidence that appellant had knowledge that the goods in question were stolen, we must determine from all the evidence, in compliance with *Wertheimer and Goldberg* v. *State, supra,*[2] whether there is substantial evidence of probative value from which the jury could have concluded or inferred beyond a reasonable doubt that every reasonable hypothesis of innocence in regard to such knowledge on the part of the appellant was excluded.

"We hold that the evidence fails to meet that standard as a matter of law. An inference, to be valid, must be logical. *Hudson* v. *State* (1957), 236 Ind. 237, 241, 139 N.E.2d 917. It must follow as an impelling certainty from the circumstantial evidence which mothers it, or it is not proper. *There is no evidence to support a logical inference in the record before us that appellant had knowledge that the property was stolen.*" (250 Ind. at 344.)

The only untoward behavior by defendant at the scene of the accident was his lie that he was not driving the car. The

---

(2)(a). (1)(f) with (2)(a) makes it theft "when he (1) knowingly: (f) obtains control over stolen property *knowing the property to have been stolen by another* which knowledge may be inferred from the possession of such stolen property, wherever the theft may have occurred, and (2) . . . (a) intends to deprive the owner . . . [etc.]." (Our emphasis.) We express no opinion on whether a "receiving" type theft may be charged and proved under (1)(a) as well as (1)(f). *Coates* v. *State* (1967), 249 Ind. 357, 360, 229 N.E.2d 640, however, held that "these two subsections [the "receiving" subsection was then (1)(d)] present two separate crimes" and that "since the State charged the appellant under § 10-3030(d), *supra,* but proved only § 10-3030(a), *supra,* we have a failure of proof. . . ." Here the State charged under (a) but proved neither a crime under (a) or (f), the element of *scienter,* common to both, never having been proven.

2.  201 Ind. 572, 169 N.E. 40.

irrelevance of that lie to any implication of guilty knowledge of the car being stolen property would seem to be as apparent as was the lie Miller told at the scene of his arrest about repairs to the car he was driving. And the plausible explanation for Wilson's lie could have been fear of arrest for driving without having his driver's license in his possession, especially since the lie apparently originated with, or was at least acquiesced in by the thief himself, who did have a driver's license.

One may speculate from defendant's testimony that he rode in the car the night before with the man who apparently stole the car that defendant should have become suspicious and asked questions of Harlson concerning the circumstances under which he had possession of his "cousin's" automobile. However, a plausible explanation lies in the defendant's testimony that the car was being used to go to a suburban (Beech Grove) plant to look for work.

The circumstantial evidence merely raises a *suspicion* that defendant knew the car was stolen. "It is not sufficient that the evidence merely tends to support . . . the material facts in issue or that it establishes suspicion of guilt." *Tom* v. *State* (1973), 261 Ind. 295, 302 N.E.2d 494, 39 Ind. Dec. 384.

"We hold that since the appellee State wholly failed to introduce substantial evidence of probative value from which the . . . court could have concluded beyond a reasonable doubt that appellant had knowledge that the property in question was stolen . . . this cause must be reversed. . . ." (*Miller* v. *State, supra* [250 Ind. at 346.])

Judgment reversed and cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

Sullivan, J., concurs; Buchanan, P.J., concurs in result.

NOTE.—Reported at 304 N.E.2d 824.