ALEXANDER MCALLISTER *v.* STATE OF INDIANA.

[No. 2-973A195. Filed October 10, 1974. Rehearing denied December 12, 1974.]

*Phillip E. Tracy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. McMaster,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Alexander McAllister (McAllister) appeals from a trial court judgment convicting him of First Degree Arson claiming insufficient evidence.

We reverse.

## FACTS

The facts and evidence most favorable to the State are:

On Friday, February 16, 1973, at 9:25 P.M., McAllister, an employee of the Thomas & Skinner Company located at 1120 East 23rd Street, Indianapolis, was observed leaving the plant by the security officer. At approximately 9:30 P.M. McAllister was seen by his sister-in-law, Julia Spann, at the St. Jude Church at 975 Delaware Street where his estranged wife and children and Miss Spann were attending church services.

At 9:45 P.M., the Indianapolis Fire Department arrived at 2411 North Capitol Avenue to find that the upper duplex at that address, occupied by McAllister's estranged wife and their children and her sister (Julia Spann), was on fire. The Fire Department had been summoned by the residents of the lower half of the duplex who turned in the alarm after hear-

ing strange noises from the floor above and observing flames in the upper half of the house.

McAllister was again observed by the plant security officer returning to his job at Thomas & Skinner Company a "little before 10:00." (Questioned by Indianapolis Fire Department arson investigators, McAllister denied leaving the plant.)

Lieutenant Lane, one of the arson investigators, testified that a forcible entry had been made into the upper duplex, three separate fires had been started, a flammable substance had been used to fuel two of the blazes in separate rooms and a mattress set on fire in the third room.

McAllister's wife testified that she had separated from her husband three and one-half months before this incident and had been told by her estranged husband that unless she would "take him back" he would "rather see me dead than see me with somebody else."

Mrs. McAllister further testified that she was a member of the St. Jude Church and regularly attended Friday evening services accompanied by her sister, a fact known to her husband.

Julia Spann testified that McAllister had constantly harassed her and Mrs. McAllister since their estrangement. She also testified that he had threatened to kill her and "throw her [Mrs. McAllister] in the White River." The day following the fire Miss Spann asked McAllister why he had burned down the house to which he answered: "He said he didn't, but if he had there wasn't a damn thing I could do about it."

There was testimony by Lieutenant Lane indicating the driving time between McAllister's place of employment and the torched duplex was four minutes.

Because there was no in-court identification of McAllister by Julia Spann, the defense moved for a directed verdict which was denied. This appeal follows a trial court conviction of the crime charged.

## ISSUE[1]

Was circumstantial evidence presented at trial sufficient to sustain McAllister's conviction of First Degree Arson?

McAllister contends that the State failed to refute his defense of alibi due to the lack of in-court identification by the only witness who allegedly saw him near the scene of the crime.

The State argues that there was substantial evidence of probative value upon which McAllister's conviction of First Degree Arson can be sustained.

## DECISION

CONCLUSION—It is our opinion that there was not substantial circumstantial evidence from which a reasonable inference could be drawn that McAllister was guilty of First Degree Arson beyond a reasonable doubt.

Repeatedly the cases discussing the sufficiency of circumstantial evidence have emphasized that there must be *substantial* evidence of probative value from which a jury can reasonably infer the existence of each material element of the crime beyond a reasonable doubt. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Ellis* v. *State* (1969), 252 Ind. 472, 250 N.E.2d 364; *Manlove* v. *State* (1968), 250 Ind. 70, 232 N.E.2d 874; *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6; *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641; *Myers* v. *State* (1954), 233 Ind. 66, 116 N.E.2d 839.

The Statute under which McAllister was convicted of First Degree Arson is IC 1971, 35-16-1-1, Ind. Ann. Stat. § 10-301 (Burns Supp. 1974), which has two essential elements:

---

1. McAllister raises other issues, but because we reverse, it is unnecessary to consider other alleged errors. [*Burk* v. *State* (1971), 257 Ind. 407, 275 N.E.2d 1; *Cook* v. *Am. States Ins. Co.* (1971), 150 Ind. App. 88, 275 N.E.2d 832; *Dunn* v. *State* (1973), 260 Ind. 142, 293 N.E.2d 32].

1. That the defendant burned the dwelling house of another.

2. That he did so wilfully and maliciously.

Viewing the evidence most favorable to the State the facts exhibit a missing link in the chain of circumstances connecting McAllister with burning his wife's duplex apartment.

A security officer viewed McAllister leaving his place of employment and returning approximately one-half hour later. He was seen shortly thereafter at the church where his wife and sister-in-law were attending church services. He was not seen until he returned to his place of employment at about ten o'clock P.M. Also, McAllister had threatened his wife. There was testimony that the driving time between McAllister's place of employment and the torched duplex was four minutes. Thus it could be reasonably inferred that he had the opportunity, along with other persons, to burn his estranged wife's apartment. However, there is no other evidence from which a reasonable inference can be drawn that he in fact was *the* person who set the fire. It was proved that he had the opportunity under suspicious circumstances to do so . . . and no more.

The missing link is presence. No evidence indicated that he was present at the scene of the crime. As was said in a comparable case, *Frederick* v. *State* (1960), 240 Ind. 598, 167 N.E.2d 879:

"The evidence reveals that appellant was among others who had access to the building which was burned and had an opportunity to commit the crime, but that is all it proves." 240 Ind. at 602-3, 167 N.E.2d at 881.

There was no evidence of any kind indicating incendiary activity by McAllister, e.g., possession of flammable materials, burns, scorched clothing, etc. No direct or indirect evidence tended to place him at his wife's duplex. The State only proved he was seen at a church some distance from the scene of the crime at about the time the fire occurred—a suspicious circumstance.

This case is unlike *Ellis* v. *State, supra,* in that there was direct evidence that a man (Ellis) was seen entering and leaving the building at the time it burned and there was circumstantial evidence which identified that man as the defendant.

There is simply no substantial evidence of probative value to support an inference of guilt beyond a reasonable doubt in the chain of circumstantial evidence presented in the trial court.

As the court said in *Manlove* v. *State, supra:*

"The law requires. *substantial* evidence to prove guilt beyond a reasonable doubt. We cannot predicate an affirmance of guilt upon mere possibility because of opportunity or suspicion." (emphasis supplied) 250 Ind. at 83, 232 N.E.2d at 881.

*See also,*

*Dunn* v. *State* (1973), 260 Ind. 142, 293 N.E.2d 32; *Miller* v. *State* (1968), 250 Ind. 338, 236 N.E.2d 173; *Hudson* v. *State* (1957), 236 Ind. 237, 241 N.E.2d 917; *Howard* v. *State* (1921), 191 Ind. 232, 131 N.E. 403; *Walker* v. *State* (1973), 155 Ind. App. 404, 293 N.E.2d 35; *Christen* v. *State* (1950), 228 Ind. 30, 89 N.E.2d 445; *White* v. *State* (1948), 226 Ind. 309, 79 N.E.2d 771; *Henry* v. *State* (1925), 196 Ind. 14, 146 N.E. 822; *Osbon* v. *State* (1938), 213 Ind. 413, 13 N.E.2d 223.

The evidence was insufficient as a matter of law to convict McAllister of the crime of First Degree Arson.

The judgment of the trial court is accordingly reversed and the cause remanded to the trial court for further proceedings not inconsistent with our decision herein.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 317 N.E.2d 200.

## ON PETITION FOR REHEARING

BUCHANAN, J.—In addition to other evidence "substantially" supporting McAllister's conviction, the State makes reference in its Petition for Rehearing to "his surveillance of the house during the day . . ." This is inaccurate.

The record reveals no basis even for an inference that

McAllister placed his estranged wife's home under surveillance the day of the fire, or prior thereto.

According to his wife's testimony, McAllister had insisted on taking her to and from work himself and had frequently done so in the past. After she stopped this practice he continued to come to the house to take her to work but she would leave before he got there.

Julia Spann, Mrs. McAllister's sister who lived with her, testified to the same effect. While she was home on the day of the fire about five o'clock P.M., McAllister left a car for his wife to use to go to church . . . and departed. The fire did not occur until some four and a half hours later.

Our opinion stressed that *unlike* other arson convictions, there was no substantial evidence of McAllister's presence at the scene of the fire . . . only a chain of circumstantial evidence indicating he could have set the fire. In *Majors* v. *State* (1969), 252 Ind. 672, 251 N.E.2d 571, cited by the State, the defendant was seen by a witness walking toward the house shortly before it burned and was present during the fire, even threatening to also burn the house of the witness. The defendant's presence at the fire was testified to by a co-conspirator in *Hancock* v. *State* (1971), 256 Ind. 697, 271 N.E.2d 731, another case cited by the State.

The Petition for Rehearing is denied.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 319 N.E.2d 866.