Larry Eugene MATTINGLY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1-780A180.

Court of Appeals of Indiana,
First District.

May 28, 1981.

William M. Clary, Jr., Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Larry Eugene Mattingly appeals his conviction pursuant to trial by jury of the offense of receiving stolen property.[1] We reverse.

### STATEMENT OF FACTS

The facts most favorable to the State reveal that a jewelry store in Jeffersonville was burglarized on October 30, 1979. Several watches and rings were taken in this burglary. Acting upon information re-

---

1. *Ind. Code* 35–43–4–2(b):

"A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a class D felony."

ceived from a confidential informant, the police obtained a search warrant on November 2, 1979, to search a residence at 224 Watt Street in Jeffersonville where Mattingly and others resided. The manager of the jewelry store accompanied the police when they went to the house to execute the warrant. Mattingly's grandmother admitted them to the house and advised the officers that Mattingly was asleep in the bedroom. Upon entering the bedroom where Mattingly and another person were sleeping, Officer Roberts awakened Mattingly and advised him that he had a search warrant and was looking for stolen jewelry. Mattingly responded that he had no jewelry, and, at the same time, placed his hand, upon which Roberts had seen a ring, under the pillow. Mattingly got out of bed at Roberts' request. He was wearing his trousers and had a watch in his pocket and a chain which was connected to the watch wrapped around a belt loop. The store manager identified these items as being from his store. As the police left the house, Roberts observed a black box lying on the seat in Mattingly's car which was parked at the curb. The box contained other rings and watches which were identified by the store manager as items taken from his store.

## THE ISSUES

Mattingly raises the following issues:[2]

1. Whether the jury's verdict is supported by sufficient evidence;

2. Whether the trial court erred in admitting into evidence State's exhibits numbered 1, 2 and 3;

3. Whether the trial court erred in overruling Defendant's motion to suppress;

4. Whether the trial court erred in denying Defendant's motion for directed verdict;

5. Whether the trial court erred in giving the State's tendered instruction number 3.

**2.** We have renumbered and restated the issues.

**3.** Except for the sufficiency of the evidence issue, an issue which may be raised for the first

■ Since our decision on Issue One is dispositive of this appeal, we need not discuss the other issues raised.[3]

## DISCUSSION AND DECISION

■ It is important to note that Mattingly was not charged with the burglary of the jewelry store or with stealing the articles found in his possession. Rather he was charged with receiving stolen property under IC 35–43–4–2(b). We believe guilty knowledge on the part of the defendant to be the gravamen of the offense under this statute as it has been held to be under previous statutes defining such offense. *Fletcher v. State*, (1961) 241 Ind. 409, 172 N.E.2d 853; *Anderson v. State*, (1980) Ind.App., 406 N.E.2d 351, *trans. denied*. Knowledge that the property is stolen may be established by circumstantial evidence. *Fletcher v. State, supra; Anderson v. State, supra*. However, it is equally clear that knowledge of the stolen character of property may not be inferred solely from the unexplained possession of recently stolen property. *Anderson v. State, supra; Griffin v. State*, (1978) Ind.App., 372 N.E.2d 497. In fact, it has been specifically held that the rule which permits inference of guilt of theft from the unexplained possession of recently stolen property does not apply in receiving stolen property cases. *Miller v. State*, (1968) 250 Ind. 338, 236 N.E.2d 173; *Wilson v. State*, (1973) 159 Ind.App. 130, 304 N.E.2d 824. Evidence which merely raises a suspicion the defendant knew the property was stolen is not sufficient. *Anderson v. State, supra*.

■ We do not believe the evidence here is sufficient to establish the requisite guilty knowledge on the part of Mattingly. This case is no stronger than cases which have held the evidence on this point insufficient. *See, e.g., Miller v. State, supra; Anderson v. State, supra; Wilson v. State, supra; Stocklin v. State*, (1976) 169 Ind.App. 49, 345 N.E.2d 863, *trans. denied*. In contrast to these cases and the case under considera-

time on appeal in a criminal case, none of the other issues were stated in the motion to correct errors with the specificity required by Ind. Rules of Procedure, Trial Rule 59(D)(2).

tion are such cases as *Griffin v. State, supra* (where defendant obtained the meat from the thieves who told him where it had come from and the meat was in cartons stamped with the owner's name); *Fletcher v. State, supra* (evidence of a course of dealing showing defendant accustomed to dealing in stolen goods and evidence of trading for goods of substantially less value); and *Smeltzer v. State,* (1962) 243 Ind. 437, 185 N.E.2d 428 (where defendant paid $50.00 for a $200 TV set, had purchased stolen goods from the same party before, and was told the TV set was stolen.)

The evidence here reveals none of the kinds of circumstances which have been held to be sufficient to show guilty knowledge.[4] Rather, the evidence shows nothing more than mere possession of recently stolen goods which is clearly insufficient to show guilty knowledge. At most, a suspicion of knowledge of the stolen character of the property was raised, and again, this is insufficient.

The judgment is reversed.

NEAL, P.J., and ROBERTSON, J., concur.

---

4. The affidavit for search warrant admitted at the suppression hearing reveals that a confidential informant told the police that he had seen the stolen articles in the defendant's possession and that defendant told him the articles came from a jewelry store break-in in Jeffersonville. For reasons best known to the prosecution, possibly to protect the informant, the informant was not called as a witness and this evidence was not presented at the trial.