Danny ADKINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 27S00–8611–CR–00951.

Supreme Court of Indiana.

Jan. 5, 1989.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Danny Adkins was convicted of burglary and receiving stolen property. Noting the defendant's prior criminal record, the trial court enhanced the ten year burglary sentence by six years, enhanced the two year receiving stolen property sentence by two years, and ordered that they be served concurrently. In this direct appeal, the defendant raises four issues for review: 1) sufficiency of evidence, 2) jury instruction on lesser included offense, 3) availability of an alibi defense, and 4) sentence unreasonableness.

### Sufficiency of Evidence

The defendant asserts that the evidence, consisting largely of the testimony of a confidential informant, fails to support the burglary and receiving stolen property convictions.

■ In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ The evidence in favor of the verdict establishes the following events. Earl Shaner owned a single-barrel twelve gauge "Savage" shotgun which he kept in his home. His stepdaughter, the defendant's girlfriend, had a spare key to Shaner's house so she could clean it and launder her clothes there. In early October, the stepdaughter discovered that the key ring with the spare key was missing. Several days later the key ring was found in a lower kitchen cabinet which the stepdaughter had previously searched. The defendant frequently visited the stepdaughter's home and occasionally spent the night there. A police informant, "wired" with a hidden transmitter, contacted the defendant to get the defendant's assistance in arranging a drug transaction with a person known to the defendant. The defendant asked the informant if he would assist the defendant in burglarizing a certain home. The informant showed the police the house the defendant wanted to burglarize, which was Shaner's house. On the last day of October, Shaner returned to his house and discovered that his shotgun and a few other items were missing. The back door was ajar, but there were no signs of forced entry. Around that time of year, the defendant sold a "Savage" shotgun to a neighbor, but he asked for the gun back when the informant offered him more money. The informant purchased the shotgun from the defendant and turned it over to the police. Earl Shaner identified this shotgun as his missing gun. The informant was later able to get a key from the defendant which was a duplicate of the spare key to Shaner's house.

The defendant claims that the evidence merely establishes his opportunity to commit the burglary which alone would not sustain a burglary conviction. We disagree. The defendant's possession of a duplicate key to Shaner's house, his stated desire to burglarize the house, and the unforced manner of entry, defendant's unexplained possession of the stolen goods shortly after the theft, together provide sufficient evidence to support the burglary conviction.

■ The defendant further claims that his possession of the stolen shotgun fails to sufficiently establish the receiving stolen property conviction. Ind.Code § 35-43-4-2(b) states: "A person who knowingly or intentionally receives, retains, or *disposes* of the property of another that has been the subject of theft commits receiving stolen property...." (emphasis added). The State charged the defendant

with disposing of the stolen shotgun to the informant. Circumstantial evidence may establish the defendant's knowledge that the property is stolen, the gravamen of the offense. *Marshall v. State* (1987), Ind., 505 N.E.2d 853; *Choate v. State* (1984), Ind., 462 N.E.2d 1037; *Mattingly v. State* (1981), Ind.App., 421 N.E.2d 18. But such knowledge cannot be inferred solely from the unexplained possession of recently stolen property. *Mattingly*, 421 N.E.2d at 19. *See Morgan v. State* (1981), Ind.App., 427 N.E.2d 1131.

■ In the present case, the evidence presents more than mere unexplained possession of the shotgun. In his offer to sell the gun to the informant, the defendant stated that the gun was from Shaner's house. Additionally, the State presented evidence that the defendant stole the gun. A reasonable jury could find that the defendant knew the gun was stolen when he sold it to the informant.

### Lesser Included Offense Instruction

The defendant asserts that the trial court erred in refusing his tendered instruction defining the crime of criminal conversion. He now argues that it should have been given to allow the jury to find a lesser included offense.

The State correctly argues that this claim of error was waived by the defendant's failure to submit an accompanying signed cover sheet as required by Ind.Code § 35–37–2–2(6)(C). Furthermore, the tendered instruction was insufficient, incomplete and potentially confusing because it failed to explain the role of a lesser included offense in its proper context in this case. *Riley v. State* (1987), Ind., 506 N.E.2d 476, 480; *McNary v. State* (1981), Ind., 428 N.E.2d 1248. We find no error on this issue.

### Notice of Alibi Defense

The defendant contends that the trial court abused its discretion by granting the State's motion in limine, which excluded the defendant's alibi defense. He argues that his response to discovery served as the functional equivalent of the notice of alibi defense required by statute.

The information and affidavit of probable cause were filed on December 20, 1985. The trial court set March 3, 1986 as the omnibus date and April 28, 1988 as the date of trial. On April 21 the defendant filed a response to discovery in which he alleged that he had permission to enter the house and that he was with relatives on the date of the burglary. The State promptly filed a motion in limine to exclude the alleged alibi evidence from the trial because the response did not comply with the time requirements of the alibi defense statutes. The trial court granted the State's motion just before the trial began.

When a defendant intends to present an alibi defense, he must file with the court and serve upon the prosecuting attorney a written statement announcing his intention and detailing the alibi. Ind.Code § 35–36–4–1 (1981). The statement must be filed twenty days before the omnibus date if the defendant is charged with a felony. If the defendant fails to comply with this requirement and cannot show good cause for his failure, the trial court *shall* exclude the alibi evidence he intended to offer. Ind.Code § 35–36–4–3 (1981).

■ In the present case, the deadline for filing the alibi notice was February 11, two months before the defendant filed his response to discovery. The defendant never attempted to file a belated notice premised on good cause, but he now asserts that his actions are merely technical error. While it is true that the statute is not intended to exclude evidence for purely technical errors, *Williams v. State* (1980), 273 Ind. 547, 406 N.E.2d 241, in this case, like *Denney v. State* (1988), Ind.App., 524 N.E.2d 1301, the defense made no timely effort to comply with statute, and no belated effort to rectify the failure. The trial court did not abuse its discretion in excluding the alibi evidence.

### Sentence Reasonableness

■ The trial court enhanced the defendant's burglary conviction by six years for his "background and prior felony." The court enhanced the receiving stolen proper-

ty sentence by two years for "aggravating circumstances." The defendant urges that the enhanced sentences are unreasonable because he had no convictions for burglary or theft-type crimes, but he does not dispute a history of other criminal activity.

While not urged as error in this appeal, we note that the trial court may have failed to sufficiently articulate the reasons for imposing the enhanced sentences as required by statute. *See Hammons v. State* (1986), Ind., 493 N.E.2d 1250; Ind.Code 35–38–1–7 (1983). However, a remand to articulate the aggravating circumstance of a history of criminal activity would be pointless.[1] When faced with a similar error, this Court stated that "[w]hen the record indicates that the trial judge engaged in the evaluative processes but simply did not sufficiently articulate his reasons for enhancing sentence and the record indicates that the sentence imposed was not manifestly unreasonable, then the purposes underlying the specificity requirement have been satisfied." *Henderson v. State* (1986), Ind., 489 N.E.2d 68, 72. We are satisfied that the trial judge here engaged in the evaluative process.

As a reviewing court, we will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Appellate Review of Sentences Rule 1. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender. Appellate Review of Sentences Rule 2.

The sentences imposed here do not qualify for revision by this Court.

JUDGMENT AFFIRMED.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.

---

1. Defendant concedes that the pre-sentence investigation report informed the trial court of his clear history of criminal activity.